# Illinois Official Reports

## Supreme Court

---

*Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281

---

| | |
|---|---|
| Caption in Supreme Court: | ASPEN AMERICAN INSURANCE COMPANY, Appellee, v. INTERSTATE WAREHOUSING, INC., Appellant. |
| Docket No. | 121281 |
| Filed | September 21, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. John P. Callahan, Jr., Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment reversed.<br>Cause remanded with directions. |
| Counsel on Appeal | Kimberly A. Jansen, of Hinshaw & Culbertson LLP, of Chicago, for appellant.<br><br>Timothy S. McGovern and Daniel G. Wills, of Swanson, Martin & Bell, LLP, of Chicago, for appellee.<br><br>Craig H. Zimmerman and Michael W. Weaver, of McDermott Will & Emery LLP, Michele Odorizzi, Richard F. Bulger, and Gary A. Isaac, of Mayer Brown LLP, and Tobin J. Taylor, of Heyl, Royster, Voelker & Allen, P.C., all of Chicago, for *amici curiae* Certainteed Corporation *et al.* |

Leslie J. Rosen, of Illinois Trial Lawyers Association, of Chicago, and Jeffrey White, of American Association for Justice, of Washington, D.C., *amicus curiae*.

Justices    JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Garman, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Aspen American Insurance Company, filed a complaint in the circuit court of Cook County in which it alleged that the roof of a Michigan warehouse owned by the defendant, Interstate Warehousing, Inc., had collapsed, causing the destruction of goods owned by plaintiff's insured, Eastern Fish Company. Defendant, an Indiana corporation, moved to dismiss the complaint for lack of personal jurisdiction pursuant to *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746 (2014). The circuit court denied the motion, and a divided appellate court affirmed. 2016 IL App (1st) 151876. For the reasons that follow, we reverse the judgments of the lower courts.

¶ 2                                      Background

¶ 3    Plaintiff's complaint alleges the following. Eastern Fish Company (Eastern) is a New Jersey-based corporation that sources and imports fish products. In 2013, Eastern contracted with defendant to store some of its fish products in a refrigerated warehouse near Grand Rapids, Michigan. On March 8, 2014, part of the warehouse's roof collapsed, causing ruptured gas lines and an ammonia leak. The leak contaminated the fish products that were stored in the warehouse, rendering them unfit for human consumption. Plaintiff, which insures Eastern, paid Eastern's claim for the loss and, in exchange, received subrogation rights.

¶ 4    On July 14, 2014, plaintiff filed this subrogation action against defendant in the circuit court of Cook County. Plaintiff's complaint sets forth various causes of action, including breach of contract and negligence, and asserts that defendant is responsible for the loss of Eastern's fish products. The complaint also alleges that defendant "maintain[s] a facility in or near Chicago."

¶ 5    Attached to plaintiff's complaint are several documents: a series of letters between defendant and Eastern's attorneys in which the roof collapse is discussed, a copy of the warehousing contract between defendant and Eastern, and a printout of the masthead from defendant's website. The letterhead of defendant's correspondence and the warehousing contract both state that defendant's corporate office is located in Fort Wayne, Indiana. In addition, the letterhead, contract, and website masthead all contain a list of eight warehouses operated by defendant throughout the country. These include the Michigan warehouse that is at issue in this case; a warehouse in Joliet, Illinois; two warehouses in Indiana; and other warehouses in Colorado, Ohio, Tennessee, and Virginia.

¶ 6        Defendant filed a motion to quash service and dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2012)). In the motion, defendant did not dispute that it was doing business in Illinois through the warehouse located in Joliet. However, defendant asserted that this was insufficient to subject it to general personal jurisdiction in Illinois. Rather, according to defendant, under the United States Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746 (2014), plaintiff was required to show that defendant is domiciled or "at home" in Illinois in order to establish jurisdiction. Defendant maintained that plaintiff had not met this standard.

¶ 7        Attached to defendant's motion to dismiss were an affidavit from Jeff Hastings, defendant's chief financial officer, and Ryan Shaffer, the general manager of the Joliet warehouse. In his affidavit, Hastings states that defendant is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. Hastings further states that defendant is "a 75% member of" Interstate Warehousing of Illinois, LLC, a limited liability company organized under Indiana law, which also maintains its principal place of business in Fort Wayne, Indiana. According to Hastings's affidavit, Interstate Warehousing of Illinois "operates" the Joliet warehouse, while Ryan Shaffer, an employee of defendant, is the general manager. In his affidavit, Ryan Shaffer confirms that he is the general manager of the Joliet warehouse, is responsible for its day-to-day operations, and is employed by defendant.

¶ 8        Plaintiff filed a response to defendant's motion to dismiss in which it argued that, because defendant was doing business in Illinois through the Joliet warehouse, it was subject to general personal jurisdiction in this state. According to plaintiff, defendant could, therefore, be sued on causes of action unrelated to its activities in Illinois. Included with plaintiff's response was a printout of a "corporation file detail report" from the Illinois Secretary of State's website. The report indicates that defendant is an Indiana corporation that has been registered to do business in Illinois since 1988. Plaintiff submitted no further filings in the circuit court and made no discovery requests.[1]

¶ 9        Following a hearing at which no testimony was taken, the circuit court denied defendant's motion to dismiss. The appellate court affirmed. 2016 IL App (1st) 151876. The appellate court concluded that plaintiff had made a *prima facie* showing of general personal jurisdiction and that defendant had failed to overcome this showing with contrary evidence. Justice Lampkin dissented, finding that, in light of *Daimler*, plaintiff had failed to make a *prima facie* showing of jurisdiction. *Id.* ¶¶ 64-72 (Lampkin, J., dissenting).

¶ 10       We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Mar. 5, 2016). In addition, we allowed the Illinois Trial Lawyers Association and the American Association for Justice to file a joint *amicus curiae* brief in support of plaintiff, and we allowed Certainteed Corporation, Honeywell International, Inc., and Union Carbide Corporation to file a joint *amicus curiae* brief in support of defendant. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

---

[1]Under Illinois Supreme Court Rule 201(*l*) (eff. July 1, 2014), the parties have the right to discovery on the issue of personal jurisdiction. Jurisdictional discovery is warranted only when it is shown that the requested discovery is "relevant to the subject matter" (Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2014)) of personal jurisdiction.

¶ 11                                            Analysis

¶ 12       The plaintiff has the burden of establishing a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant. *Russell v. SNFA*, 2013 IL 113909, ¶ 28 (citing *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 20). Where, as here, the circuit court has determined that the plaintiff has met its burden based solely on documentary evidence, our review is *de novo. Id.* On review, any conflicts in the pleadings and supporting affidavits will be resolved in the plaintiff's favor, but uncontradicted evidence offered by the defendant may defeat jurisdiction. *Id.*

¶ 13       In Illinois, the exercise of personal jurisdiction over nonresident defendants is authorized under the "long-arm" statute found in section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 2012)). Plaintiff contends that subsection (c) of the statute supports a finding of jurisdiction here. That provision states that a court may exercise jurisdiction on any "basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2012). Thus, to determine whether jurisdiction is appropriate under subsection (c), we must consider the constitutional limits placed on a state's authority to exercise jurisdiction over a nonresident defendant. Because defendant in this case does not argue that the Illinois Constitution imposes any greater restraints on the exercise of jurisdiction than the federal constitution, we consider only federal constitutional principles. *Russell*, 2013 IL 113909, ¶ 33.

¶ 14       The United States Supreme Court has held that the federal due process clause permits a state court to exercise personal jurisdiction over a nonresident defendant only when the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Two types of personal jurisdiction are subject to the due process analysis: specific and general. Specific jurisdiction is case-specific. That is, specific jurisdiction exists when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. *Russell*, 2013 IL 113909, ¶ 40 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In contrast, general jurisdiction is all-purpose. Where general jurisdiction exists, the plaintiff may pursue a claim against the defendant even if the conduct of the defendant that is being challenged occurred entirely outside the forum state. *Id.* ¶ 36 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). In this case, plaintiff does not complain of any conduct committed by defendant in Illinois. Thus, only general jurisdiction is at issue here.

¶ 15       Plaintiff maintains that, "consistent with U.S. Supreme Court decisions" interpreting the federal due process clause, a state may exercise general jurisdiction over a defendant "where the defendant has continuous and systematic general business contacts with the forum state." Therefore, according to plaintiff, to establish a *prima facie* case of general jurisdiction under subsection (c) of the long-arm statute, a plaintiff need only "show a defendant's continuous and substantial business activity in Illinois." Plaintiff emphasizes that, in this case, defendant's "Illinois contacts are not tenuous or random, but have been continuous and systematic for over twenty-five years." For this reason, plaintiff asserts that defendant may be subjected to general personal jurisdiction in this state. We disagree.

¶ 16    In *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746 (2014), the United States Supreme Court held that the due process analysis for general personal jurisdiction does not rest simply on "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.' " *Id.* at ___, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at 919). Such a standard, the Court explained, is "unacceptably grasping." *Id.* at ___, 134 S. Ct. at 760. Instead, the Court held that, under the federal due process clause, " '[a] court may assert general jurisdiction over [a] foreign *** corporation[ ] to hear any and all claims against [it] when [its] affiliations with the State are so "continuous and systematic" as to render [it] *essentially at home* in the forum State.' " (Emphasis added.) *Id.* at ___, 134 S. Ct. at 754 (quoting *Goodyear*, 564 U.S. at 919); see also, *e.g.*, *BNSF Ry. Co. v. Tyrrell*, 581 U.S. ___, ___, 137 S. Ct. 1549, 1558 (2017); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 626-27 (2d Cir. 2016); *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (*Daimler* "raised the bar" for general jurisdiction); *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 226 (2d Cir. 2014) (*Daimler* makes "clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum" (quoting *Daimler*, 571 U.S. at ___, 134 S. Ct. at 761)); *State ex rel. Norfolk Southern Ry. Co. v. Dolan*, 512 S.W.3d 41, 51 n.6 (Mo. 2017) (noting *Daimler*'s "rejection of doing business as a basis for jurisdiction"); *Barrett v. Union Pacific R.R. Co.*, 390 P.3d 1031, 1040 (Or. 2017) (same); *ClearOne, Inc. v. Revolabs, Inc.*, 2016 UT 16, ¶ 42, 369 P.3d 1269 (same).

¶ 17    The Supreme Court went on to explain in *Daimler* that the "paradigm" forums in which a corporate defendant is "essentially at home" are the corporation's place of incorporation and its principal place of business. *Daimler*, 571 U.S. at ___, 134 S. Ct. at 760. The Court further noted that, in an "exceptional case," a corporate defendant's activities in a forum outside its place of incorporation or principal place of business "may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at ___ n.19, 134 S. Ct. at 761 n.19. To illustrate what it meant by an "exceptional case," the Supreme Court pointed to *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). *Daimler*, 571 U.S. at ___ n.19, 134 S. Ct. at 761 n. 19. In that case, the defendant corporation was forced to relocate temporarily from the Philippines to Ohio because of World War II. *Perkins*, 342 U.S. at 447-48. Ohio was thus "the center of the corporation's wartime activities" and, effectively, a " 'surrogate for the place of incorporation or head office.' " *Daimler*, 571 U.S. at ___ n.8, 134 S. Ct. at 756 n.8 (quoting Arthur T. von Mehren & Donald T. Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L. Rev. 1121, 1144 (1966)). As such, the defendant corporation was subject to general jurisdiction in that state. *Perkins*, 342 U.S. at 448.

¶ 18    Accordingly, in this case, to comport with the federal due process standards laid out in *Daimler* and, in doing so, comply with subsection (c) of the long-arm statute, plaintiff must make a *prima facie* showing that defendant is essentially at home in Illinois. This means that plaintiff must show that defendant is incorporated or has its principal place of business in Illinois or that defendant's contacts with Illinois are so substantial as to render this an exceptional case. Plaintiff has failed to make this showing.

¶ 19    Plaintiff does not dispute that defendant is incorporated in Indiana and Hastings's uncontradicted affidavit establishes that defendant's principal place of business is in Indiana. Further, plaintiff's complaint does not allege, and there is nothing in the record to suggest, that this is an exceptional case on the order of *Perkins*. To be sure, plaintiff has established that

defendant does business in Illinois through the warehouse in Joliet. But this fact falls far short of showing that Illinois is a surrogate home for defendant. Indeed, if the operation of the warehouse was sufficient, in itself, to establish general jurisdiction, then defendant would also be at home in all the other states where its warehouses are located. The Supreme Court has expressly rejected this reasoning. *Daimler*, 571 U.S. at ___ n.20, 134 S. Ct. at 762 n.20 ("[a] corporation that operates in many places can scarcely be deemed at home in all of them"); see also, *e.g.*, *Brown*, 814 F.3d at 629 (the plaintiff failed to establish an exceptional case under *Daimler* where the defendant's contacts in the forum state did not establish a " 'surrogate principal place of business' "); *Kipp*, 783 F.3d at 698 (noting *Daimler*'s "stringent criteria" for establishing general jurisdiction); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation"); *Monkton Insurance Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (under *Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

¶ 20    Plaintiff has failed to show that defendant's contacts with Illinois render it at home in this state. To subject defendant to general personal jurisdiction would therefore deny it due process of law. Accordingly, jurisdiction is not authorized under subsection (c) of the long-arm statute.

¶ 21    Plaintiff also notes, however, that subsection (b)(4) of the long-arm statute authorizes a court to exercise jurisdiction in any action arising within or without Illinois against any defendant "doing business within this State." 735 ILCS 5/2-209(b)(4) (West 2012). Plaintiff asserts that jurisdiction in this case is authorized under this provision. We reject this contention. In light of *Daimler*, subsection (b)(4) cannot constitutionally be applied to establish general jurisdiction where, as here, there is no evidence that defendant's contacts with Illinois have rendered it "essentially at home" in this state.

¶ 22    Finally, plaintiff argues that, because defendant has registered to do business in Illinois under the Business Corporation Act of 1983 (Act) (805 ILCS 5/1.01 *et seq.* (West 2012)), and because defendant has a registered agent in Illinois for service of process, it has "subjected itself to the jurisdiction and laws of Illinois." That is, plaintiff maintains that, by registering to do business in Illinois, defendant has effectively consented to the exercise of general jurisdiction in this state and thereby obviated any due process concerns. Again, we disagree.

¶ 23    Section 13.05 of the Act states that "a foreign corporation organized for profit, before it transacts business in this State, shall procure authority so to do from the Secretary of State." 805 ILCS 5/13.05 (West 2012). Section 13.15 of the Act (805 ILCS 5/13.15 (West 2012)) lists the requirements that must be met and information that must be provided before authorization is approved. The Act also requires, under section 5.05 (805 ILCS 5/5.05 (West 2012)), that each foreign (and domestic) corporation having authority to transact business in Illinois maintain a registered office and registered agent in this state. In addition, section 5.25 of the Act (805 ILCS 5/5.25 (West 2012)) states that a foreign corporation having authority to transact business in Illinois may be served with process either upon the registered agent appointed by the corporation or upon the Secretary of State.

¶ 24    None of the foregoing provisions require foreign corporations to consent to general jurisdiction as a condition of doing business in Illinois, nor do they indicate that, by registering in Illinois or appointing a registered agent, a corporation waives any due process limitations on this state's exercise of general jurisdiction. Indeed, the Act makes no mention of personal

jurisdiction at all. Accord *Surita v. AM General LLC*, No. 15 C 7164, 2015 WL 12826471, at *3 (N.D. Ill. 2015) (the Act "does *not* contain a provision with jurisdictional consent language" (emphasis in original)).

¶ 25 Further, section 5.25(a) of the Act states that service on the registered agent of a foreign corporation is for that process, notice or demand that is "required or permitted by law." 805 ILCS 5/5.25(a) (West 2012). This phrase indicates "some limitation in accordance with law." *Brown*, 814 F.3d at 636. There is no basis for excluding constitutional due process limitations from an inquiry into what is "permitted by law." *Id.* at 636-37.

¶ 26 Plaintiff points to section 13.10 of the Act (805 ILCS 5/13.10 (West 2016)). This provision states that a foreign corporation "shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character." *Id.* Plaintiff suggests that this provision supports a finding of jurisdiction. However, as defendant observes, a duty is a "legal obligation that is owed or due to another." Black's Law Dictionary 615 (10th ed. 2014). Personal jurisdiction is not a duty but, instead, "refers to the court's power ' "to bring a person into its adjudicative process." ' " *People v. Castleberry*, 2015 IL 116916, ¶ 12 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002), quoting Black's Law Dictionary 870 (8th ed. 2004)). Thus, the fact that a foreign corporation registered to do business in Illinois is subject to the same duties as a domestic one in no way suggests that the foreign corporation has consented to general jurisdiction.

¶ 27 Under the Act, a foreign corporation must register with the Secretary of State and appoint an agent to accept service of process in order to conduct business in Illinois. We hold, however, that in the absence of any language to the contrary, the fact that a foreign corporation has registered to do business under the Act does not mean that the corporation has thereby consented to general jurisdiction over all causes of action, including those that are completely unrelated to the corporation's activities in Illinois. Notably, other courts have reached similar conclusions. See, *e.g.*, *Perez v. Air & Liquid Systems Corp.*, No. 3:16-CV-00842-NJR-DGW, 2016 WL 7049153, at *6-9 (S.D. Ill. 2016) (interpreting the Act); *Brown* 814 F.3d at 641 (interpreting Connecticut law); *Genuine Parts Co. v. Cepec*, 137 A.3d 123 (Del. 2016) (Delaware law).

¶ 28                                      Conclusion

¶ 29 For the foregoing reasons, the judgments of the appellate and circuit courts are reversed. The cause is remanded to the circuit court to enter judgment dismissing plaintiff's complaint.

¶ 30       Appellate court judgment reversed.

¶ 31       Circuit court judgment reversed.

¶ 32       Cause remanded with directions.