# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black;">

### *Lusk v. The Unckrich Corp.*, 2021 IL App (5th) 200368

</div>

| | |
|---|---|
| Appellate Court Caption | ARLANDO V. LUSK, Plaintiff-Appellee, v. THE UNCKRICH CORPORATION, d/b/a Cardinal Pump Company, Defendant-Appellant. |
| District & No. | Fifth District<br>No. 5-20-0368 |
| Filed | June 24, 2021 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 19-L-688; the Hon. Heinz M. Rudolf, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James L. Craney and Joshua A. Edelson, of Craney Law Group, LLC, of Edwardsville, for appellant.<br><br>Jon E. Rosenstengel and Jerry F. Costello III, of Bonifield & Rosenstengel, P.C., of Belleville, for appellee. |
| Panel | JUSTICE VAUGHAN delivered the judgment of the court, with opinion.<br>Justices Welch and Moore concurred in the judgment and opinion. |

¶ 1 This is an interlocutory appeal from an order of the circuit court of St. Clair County denying defendant's motion to dismiss for lack of personal jurisdiction in a retaliatory discharge action brought by the plaintiff. For the reasons that follow, we affirm.

¶ 2                                        BACKGROUND

¶ 3 On September 26, 2019, the plaintiff, Arlando V. Lusk, filed a complaint in St. Clair County, Illinois, against his former employer, the defendant, The Unckrich Corporation, doing business as Cardinal Pump Company, for retaliatory discharge. The complaint alleged that plaintiff's termination was in retaliation for his reporting of a workers' compensation claim against defendant. In response, defendant filed a motion to dismiss for lack of personal jurisdiction.

¶ 4 In its motion to dismiss for lack of personal jurisdiction, defendant argued that Illinois could not exercise general or specific personal jurisdiction over defendant because it (1) is a pump distributor with a home office in St. Louis, Missouri, (2) is a business incorporated under Missouri law, (3) maintains a principal place of business in Missouri, (4) makes all hiring and firing decisions from the home office in Missouri, (5) neither owns nor operates any facilities in the State of Illinois, (6) has no employee that maintains an office in Illinois, and (7) was served this lawsuit by hand delivery at the home office in Missouri. With its motion, defendant submitted an affidavit from its secretary/vice-president, Ermina Dedic, and a business registration report printout from the Missouri Secretary of State showing that defendant's principal place of business was located in St. Louis, Missouri.

¶ 5 On January 7, 2020, plaintiff filed a response to defendant's motion to dismiss. Plaintiff's response alleged, *inter alia*, that there was a basis for personal jurisdiction because (1) defendant terminated plaintiff over the phone on Tuesday, July 23, 2019, while plaintiff was in Illinois; (2) plaintiff performed a majority of his work in Illinois; and (3) plaintiff's filing of a workers' compensation claim in Illinois creates personal jurisdiction over defendant in Illinois. In an affidavit, plaintiff affirmed he did a substantial amount of work for defendant in Illinois and that he was terminated by defendant on July 23, 2019, while he was in Troy, Illinois.

¶ 6 Based on plaintiff's responsive allegations, defendant requested leave to conduct discovery limited to whether there was specific personal jurisdiction over defendant in Illinois. Plaintiff agreed, and on January 28, 2020, the circuit court ordered the parties to conduct limited discovery on the sole issue of personal jurisdiction.

¶ 7 On March 30, 2020, after limited discovery was conducted, defendant filed a reply in support of its motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Defendant averred that the majority of plaintiff's work was performed in Missouri and that plaintiff was assigned to a sales territory in Missouri, not Illinois. Defendant argued that the filing of a workers' compensation claim in Illinois does not, in and of itself, create personal jurisdiction in Illinois. Defendant claimed plaintiff was terminated on Friday, July 19, 2019, while plaintiff was physically located at defendant's home office in Missouri. Defendant further claimed that calls made between plaintiff and defendant on July 23, 2019, were in regard to defendant's request for plaintiff to return the credit card, cell phone, and vehicle

provided to him as an employee. Defendant attached affidavits and call log records to its reply in support.

¶ 8      Defendant attached an affidavit from Dedic, who affirmed that plaintiff worked for defendant as a sales manager for Northeast Missouri, and that between 2018 and 2019, 68% of plaintiff's sales were in Missouri. Dedic explained that on July 19, 2019, she brought plaintiff into her office and informed him, in person, that his employment was being terminated due to a lack of sales. Dedic claimed that after informing plaintiff he was terminated, plaintiff "begged" her to allow him to complete a job he had scheduled the following Tuesday, July 23, 2019, with one of his customers. Dedic told plaintiff that after he completed that job, his employment was at an end. Dedic further affirmed that on Tuesday, July 23, 2019, at 12:23 p.m., plaintiff called defendant's home office in Missouri to inform her and owner Tom Unckrich that he was not going to show up for the job he had scheduled that day. Dedic claimed Unckrich called plaintiff right back and asked him to return his work credit card, cell phone, and vehicle.

¶ 9      An affidavit from Unckrich was attached to defendant's reply. Unckrich affirmed Dedic terminated plaintiff in her office on July 19, 2019. Unckrich further affirmed that when he called plaintiff on July 23, 2019, at 12:39 p.m., he did not inform plaintiff his employment was terminated, rather, he instructed plaintiff to return the credit card, cell phone, and vehicle issued to him as an employee.

¶ 10      An affidavit from Scott Freeman was attached to defendant's reply. Freeman, a pump supplier in Texas, affirmed that he supplied pumps to plaintiff as an employee of defendant. According to Freeman, plaintiff called him at 8:22 a.m. and 8:25 a.m. on July 23, 2019, to inform him that plaintiff quit his job with defendant and to inquire about whether he could still independently broker a pump sale with Freeman for one of plaintiff's customers.

¶ 11      On August 28, 2020, a hearing was held on defendant's motion to dismiss for lack of jurisdiction. The circuit court took the motion under advisement and issued an order requiring the parties to submit proposed orders to the court for review.

¶ 12      On September 1, 2020, plaintiff filed a supplemental response to defendant's motion to dismiss, including an affidavit from David M. Galanti, plaintiff's attorney in the workers' compensation matter, attesting that defendant did not contest jurisdiction during the pendency of the workers' compensation claim. Galanti's affidavit indicated that during the depositions for the workers' compensation claim, plaintiff averred that 75% of his work for defendant was located in the State of Illinois. A supplemental hearing on plaintiff's response was held September 29, 2020, whereby the circuit court took defendant's motion to dismiss under advisement and instructed the parties to submit proposed orders to the court for review by October 5, 2020.

¶ 13      On October 5, 2020, defendant filed a supplemental memorandum in support of its proposed order that provided the court with authority regarding whether defendant waived personal jurisdiction in the instant case by not objecting to it in the separate workers' compensation case. In its memorandum, defendant argued that a party's consent to jurisdiction in one case does not result in waiver of personal jurisdiction in future cases.

¶ 14      On October 6, 2020, the circuit court issued an order denying defendant's motion to dismiss for lack of personal jurisdiction. The court found there was specific jurisdiction because plaintiff was located in Illinois when his employment was terminated that created the necessary minimum contacts with Illinois. The court also found jurisdiction was reasonable because

- 3 -

(1) there was no burden on defendant to litigate the case in Illinois because defendant's home office is located approximately 35 miles from the St. Clair County Courthouse in Belleville, Illinois, and the defendant LLC serviced several active accounts located in Illinois; (2) this matter arose out of an Illinois Workers' Compensation Act action and it was in the public's best interest to have an Illinois court interpret Illinois law; (3) plaintiff sought relief in Illinois, Illinois was plaintiff's home state, and plaintiff was physically present in Illinois when he was terminated; and (4) Missouri should not have to interpret Illinois law.

¶ 15     We granted defendant's petition for leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Oct. 1, 2020).

¶ 16                                                    ANALYSIS

¶ 17     On appeal, defendant contends the circuit court erred by denying its motion to dismiss for lack of personal jurisdiction where the plaintiff failed to establish a *prima facie* basis to exercise personal jurisdiction. We disagree.

¶ 18     Personal jurisdiction is the authority of the court "to bring a person into its adjudicative process." (Internal quotation marks omitted.) *In re M.W.*, 232 Ill. 2d 408, 415 (2009). "The plaintiff has the burden of establishing a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant." *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 12. When a circuit court decides a jurisdictional matter on documentary evidence alone, this court reviews the decision *de novo*. *Id.* "On review, any conflicts in the pleadings and supporting affidavits will be resolved in the plaintiff's favor, but uncontradicted evidence offered by the defendant may defeat jurisdiction." *Id.*

¶ 19     The exercise of personal jurisdiction over a nonresident defendant is governed by the Illinois long-arm statute, section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 2018)). Subsection (a) provides different actions by a defendant that will subject him or her to Illinois jurisdiction, including "[t]he commission of a tortious act within this State." *Id.* § 2-209(a)(2). Additionally, subsection (c) provides that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* § 2-209(c). Thus, " 'Illinois courts may assert personal jurisdiction over a nonresident defendant only if the assertion comports with section 2-209 of the Code (735 ILCS 5/2-209 (West 2010)) *** and with the due process guarantees of both the Illinois and the United States Constitutions.' " *Cori v. Schlafly*, 2021 IL App (5th) 200246, ¶ 20 (quoting *Aasonn, LLC v. Delaney*, 2011 IL App (2d) 101125, ¶ 11).

¶ 20     Defendant argues that the circuit court's exercise of jurisdiction violates the due process guarantees of both Illinois and the United States. Defendant does not argue that the Illinois Constitution imposes any greater restraints on the exercise of jurisdiction than the federal constitution, and therefore, we will consider only federal due process concerns. *Russell v. SNFA*, 2013 IL 113909, ¶ 33.

¶ 21     The federal due process clause permits a state court to exercise personal jurisdiction over a nonresident defendant only when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "We therefore must consider whether defendant has minimum contacts with Illinois and whether subjecting it to litigation in Illinois is reasonable under traditional notions of fair play and substantial justice." *Russell*, 2013 IL

113909, ¶ 34. The Illinois Supreme Court "recognizes the 'minimum contacts' test as the threshold issue in any personal jurisdiction challenge in Illinois." *Id.* ¶ 36. "In turn, the relevant inquiry into whether the minimum contacts test has been satisfied depends on what category of personal jurisdiction is being sought—either general or specific." *Id.*

¶ 22 Plaintiff claims the circuit court has specific jurisdiction under subsection (a) of section 2-209 because defendant's termination of plaintiff's employment was "[t]he commission of a tortious act within this State." 735 ILCS 5/2-209(a)(2) (West 2018). Plaintiff also claims the circuit court has general jurisdiction because defendant's business operations in Illinois are so "continuous and systematic" as to render it "at home" in this state. (Internal quotation marks omitted.) *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014). Because we find plaintiff established a *prima facie* basis for specific personal jurisdiction, we will not address general jurisdiction.

¶ 23 Specific personal jurisdiction exists when there is an "affiliatio[n] between the forum and the underlying controversy," *i.e.*, some activity or occurrence "that takes place in the forum State and is therefore subject to the State's regulation." (Internal quotation marks omitted.) *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S 915, 919 (2011). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (Internal quotation marks omitted.) *Id.* "Regarding tort actions, the state in which the injury occurs is the state in which the tort occurs, and one who commits a tort in a state that is not its resident state should still be amenable to suit there." *Bell v. Don Prudhomme Racing, Inc.*, 405 Ill. App. 3d 223, 231 (2010). Retaliatory discharge has been identified as a tortious action. See *id.*; see also *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 153 (1999).

¶ 24 Here, plaintiff complains defendant terminated his employment in retaliation for his reporting of a workers' compensation claim against defendant. Both parties agree that pursuant to *Bell*, 405 Ill. App. 3d at 231, the proper test to establish where the injury occurred in a retaliatory discharge action for purposes of specific personal jurisdiction under section 2-209(a) is the plaintiff's location at the time of termination. However, the parties disagree on where plaintiff was located at the time of termination. Defendant contends plaintiff was terminated by Dedic on Friday, July 19, 2019, while plaintiff was at defendant's home office in St. Louis, Missouri. Conversely, plaintiff asserts defendant terminated his employment during a phone call on July 23, 2019, while he was in Troy, Illinois.[1]

¶ 25 Because all factual conflicts are to be resolved in favor of the plaintiff (*Keller v. Henderson*, 359 Ill. App. 3d 605, 611 (2005)), we find the termination occurred while plaintiff was in Illinois. Dedic's affidavit states that on July 19, 2019, she told plaintiff that his employment was at an end *after* he completed the job he had scheduled for July 23, 2019. Plaintiff must have remained an employee of defendant's to complete work on its behalf. Accordingly, he was not *actually* terminated on July 19, 2019. At that time, plaintiff was—at most—forewarned that termination would occur once the job was completed on July 23, 2019. Although plaintiff apparently never completed that job, his termination took effect only once defendant was informed as such on July 23, 2019, when plaintiff was located in Illinois. See *Bell*, 405 Ill.

[1]Plaintiff filed his retaliatory discharge action in St. Clair County, Illinois, despite alleging the termination occurred in Troy, Illinois, which is in Madison County. The parties do not dispute venue so we will not address it.

App. 3d at 232 (the tort of retaliatory discharge does not encompass any behavior other than actual termination of employment). Since the tort occurred[2] in Illinois, we find defendant has the requisite minimum contacts with Illinois.

¶ 26    Having determined that defendant has the requisite minimum contacts, we must consider "the reasonableness of requiring the defendant to litigate in Illinois." *Russell*, 2013 IL 113909, ¶ 87.

> "The factors to consider when deciding reasonableness include: (1) the burden imposed on the defendant by requiring it to litigate in a foreign forum; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interest of the other affected forums in the efficient judicial resolution of the dispute and advancement of substantive social policies." *Id.*

¶ 27    First, there is little burden imposed on defendant to litigate in Illinois. Defendant's home office is approximately 35 miles from St. Clair County Courthouse in Belleville, Illinois, and defendant affirmed that it services customers in Illinois. The record indicates that between 2018 and 2019, plaintiff had 65 sales in Missouri and 30 in Illinois. Second, Illinois has an interest in resolving a dispute concerning a tortious act that occurred here, particularly when the injury involves a business that sends employees to service customers throughout Illinois. Third, plaintiff has an interest in obtaining relief in Illinois because the injury occurred in Illinois and plaintiff lives here. Fourth, Illinois has "a strong interest in advancing the substantive social policy of compensating victims for torts occurring in Illinois." *Russell v. SNFA*, 408 Ill. App. 3d 827, 837 (2011). Therefore, we find it reasonable for Illinois to exercise personal jurisdiction over defendant.

¶ 28                                    CONCLUSION

¶ 29    For the foregoing reasons, we find plaintiff has established a *prima facie* basis for specific personal jurisdiction in Illinois. Accordingly, we affirm the circuit court's denial of defendant's motion to dismiss for lack of personal jurisdiction.

¶ 30    Affirmed.

---

[2]We express no opinion on the merits of plaintiff's retaliatory discharge action. We assume an injury occurred for purpose of this interlocutory appeal.