NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210542-U

NO. 4-21-0542

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ROBERTA MORRISON, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Cumberland County |
| JSK TRANSPORT, LTD.; BODKIN LEASING | ) | No. 20L5 |
| CORPORATION; DALJINDER SINGHSANGHA; | ) | |
| NAVPREET SINGH MUTTI; SIMFREIGHT | ) | |
| SOLUTIONS; OSPECA LAREDO; RIORDAN | ) | |
| LEASING, INC.; KUEHNE + NAGEL, INC.; RICH | ) | |
| LOGISTICS, LLC, d/b/a Roadrunner Transportation | ) | |
| Systems, d/b/a Roadrunner Equipment Leasing; | ) | |
| TIPPITT TRUX'S & REPAIR, LTD., and TA | ) | |
| OPERATING, LLC, d/b/a Petro Stopping Centers, | ) | |
| L.P., d/b/a TA Truck Service, | ) | |
|     Defendants | ) | |
| | ) | Honorable |
| (TA Operating, LLC, d/b/a Petro Stopping Centers, | ) | Jonathan T. Braden, |
| L.P., d/b/a TA Truck Service, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the circuit court properly granted defendant's motion to dismiss for lack of specific personal jurisdiction where plaintiff failed to establish that her cause of action arose out of or related to defendant's contacts with Illinois and it would be unreasonable to subject defendant to suit in Illinois.

¶ 2    In August 2020, plaintiff, Roberta Morrison, filed a nine-count complaint against

numerous defendants in the circuit court of Cumberland County, Illinois, after she was injured in

an automobile accident in Illinois. Specifically at issue in this case is the one count alleging negligence by defendant, TA Operating, LLC, d/b/a Petro Stopping Centers, L.P., d/b/a TA Truck Service. In September 2020, defendant filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to section 2-301 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-301 (West 2018)). In June 2021, the circuit court granted defendant's motion to dismiss for lack of personal jurisdiction. In August 2021, the circuit court issued a written order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), finding "no just reason for delaying either the enforcement or the appeal of the Court's June 10, 2021[,] order."

¶ 3        On appeal, plaintiff argues (1) her complaint established a *prima facie* case for specific personal jurisdiction over defendant "for an incident that occurred in Cumberland County, Illinois, by alleging that [defendant] knew or had reason to know that its acts and omissions in repairing Plaintiff's vehicle could impact the operation of a motor vehicle that would be using Illinois roadways, and that the cause of action arose out of or related to its contacts with the State of Illinois" and (2) defendant failed to present "uncontroverted evidence that contradicted the allegations in the Complaint and defeated jurisdiction."

¶ 4        Defendant argues the circuit court correctly dismissed plaintiff's complaint because the court lacked specific personal jurisdiction where (1) plaintiff failed to establish her injuries arose from or related to any of defendant's contacts with Illinois and (2) it would be unreasonable to subject defendant to suit in Illinois when the conduct of which plaintiff complains occurred exclusively in Arkansas. We affirm.

¶ 5                                I. BACKGROUND

¶ 6        On August 13, 2020, plaintiff filed a nine-count complaint against numerous defendants in the circuit court of Cumberland County. In the complaint, plaintiff alleged,

- 2 -

"[the circuit court of Cumberland County] has personal

jurisdiction over Defendants pursuant to Illinois's long-arm statute

735 ILCS 5/2-209, which allows actions in which outstate service

is required when any person or firm transacts any business in

Illinois or commits a tortious act within the State of Illinois.

Further, each of the Defendants knew or had reason to know that

their acts and omissions could impact the operation of motor

vehicles that would be using Illinois roadways."

¶ 7 In count IX, plaintiff asserted a claim of negligence against defendant. Plaintiff provided she "is domiciled in the State of Arkansas and is therefore a citizen of Arkansas." Plaintiff further provided defendant is a Delaware Corporation engaged in the business of truck repair, with its registered agent located in Arkansas. Plaintiff alleged defendant "performed maintenance work on Plaintiff's vehicle immediately before it traveled to Illinois, where it broke down requiring Plaintiff to park on the shoulder of the highway." Plaintiff asserted while her vehicle was "lawfully" parked on the shoulder of the highway, another driver veered from the roadway, entered the shoulder of the highway, and hit her vehicle. As a result of the collision, plaintiff alleged she suffered "physical injury to her neck, back, head[,] and other portions of her body."

¶ 8 Plaintiff claimed defendant "knew or could have known with reasonable inquiry that the subject vehicle would be operated throughout the United States, including in the State of Illinois." Further, plaintiff asserted defendant had a duty "to conduct its business in a reasonably safe manner and to ensure that tractor-trailers it repaired and maintained were safe to operate on the roadways of the State of Illinois." Specifically, plaintiff argued defendant was negligent

where it (1) failed to "properly repair and maintain" plaintiff's truck, (2) lacked the "qualifications needed to properly repair and maintain the truck[,]" and (3) failed to "inform plaintiff that it lacked the qualifications and skills necessary to properly repair and maintain the truck."

¶ 9        On September 28, 2020, defendant filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2018)). In the motion, defendant asserted it "is a Delaware limited liability company with its principal place of business in Ohio." Further, it provided, "The sole member of TA Operating LLC is TravelCenters of America Inc., a Maryland corporation with its principal place of business also in Ohio." Defendant "is a full-service travel center company that has locations throughout the United States." Defendant provided in its motion that "While TA has service facilities located in Illinois, none of those Illinois facilities have any connections with the claims brought by Plaintiff." Defendant asserted plaintiff's complaint never alleged any specific facts concerning its contacts with Illinois and that plaintiff acknowledged the service work on her truck was performed outside of Illinois. Thus, defendant argued plaintiff failed to establish a *prima facie* case for specific personal jurisdiction.

¶ 10        In support of its motion to dismiss, defendant submitted an affidavit from Mark R. Young, Executive Vice President and General Counsel for TA Operating LLC. Young verified that on August 15, 2018, defendant performed maintenance work on plaintiff's vehicle in Arkansas. Defendant also attached to its motion the August 15, 2018, work order invoice showing the maintenance work it performed on plaintiff's vehicle.

¶ 11        In October 2020, defendant, Kuehne + Nagel, Inc., filed a notice of removal of the case from the circuit court of Cumberland County to the United States District Court for the

Southern District of Illinois. In March 2021, the court for the Southern District of Illinois remanded the case to the circuit court of Cumberland County.

¶ 12 On April 22, 2021, defendant filed an agreed motion to set briefing schedule and hearing date on its motion to dismiss for lack of personal jurisdiction. The agreed motion included copies of the motion to dismiss filed by defendant in federal court and plaintiff's response to defendant's motion to dismiss. The agreed motion further requested leave for both parties to file supplemental briefs. The circuit court granted the proposed agreed order granting the parties leave to file supplemental briefs and setting the motion for a hearing.

¶ 13 On April 27, 2021, plaintiff filed her supplemental brief where she argued Illinois had specific jurisdiction over defendant "because there were uncontradicted allegations in the Amended Complaint that [defendant] directed its activities at the State of Illinois, and Plaintiff's cause of action against [defendant] arose out of or relates to its contacts with the State of Illinois." On May 4, 2021, defendant filed its supplemental brief in support of its motion to dismiss. In its brief, defendant argued, "Plaintiff is a non-Illinois resident whose alleged harm has nothing to do with any of TA's Illinois activities. Stated differently, there are not relevant 'Illinois activities' by TA that have any 'connection' to Plaintiff's claims." Both parties' supplemental briefs discussed the recent decision by the United States Supreme Court in *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021). On May 12, 2021, the circuit court held a hearing on defendant's motion to dismiss where both parties presented arguments.

¶ 14 In a June 10, 2021, written order, the circuit court granted defendant's motion to dismiss for lack of personal jurisdiction. The circuit court determined the "issue in this matter revolves around the concept of specific jurisdiction." The court then extensively discussed *Ford*

*Motor Company*, 141 S. Ct. 1017 (2021) and compared the facts of *Ford Motor Company* with this case. Ultimately, the court found *Ford Motor Company* was distinguishable where the facts presented in this case failed to support a finding of specific jurisdiction. The court determined the claim before it did not involve a product rather "Defendant is alleged to have performed a service negligently." The court stated, "The service provided was a single isolated incident. There are no allegations that all TA locations systematically perform negligent work." The court also found "there are no facts to support that TA performs any advertising or marketing directed to the State of Illinois[,]" nor are there any facts that show defendant "attempts to foster any ongoing relationship to encourage Illinois drivers to be life-long TA service customers." The court noted even if defendant performed such activities, they would have no impact on plaintiff, an Arkansas resident.

¶ 15        The circuit court further stated, "The Plaintiff relies on the fact that TA knew or should have known the vehicle would have traveled into Illinois. Further, the Plaintiff notes that TA has travel centers in Illinois. However, these facts do not create a strong relationship between the TA, Illinois[,] and the pending litigation." Ultimately, the court determined the claim involved "an injury to an Arkansas resident, related to a service provided by TA in Arkansas." The court found "Illinois has little legitimate interest in the outcome of this matter and accepting jurisdiction would encroach upon the jurisdiction of the State of Arkansas, which is more affected by the matter."

¶ 16        On August 5, 2021, defendant filed an unopposed motion seeking a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). On August 25, 2021, the circuit court issued a written order pursuant Illinois Supreme Court Rule 304(a) (eff. Mar. 8,

2016), finding "there is no just reason for delaying either the enforcement or the appeal of the Court's June 10, 2021[,] order."

¶ 17        This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19        On appeal, plaintiff argues (1) her complaint established a *prima facie* case for specific personal jurisdiction over defendant "for an incident that occurred in Cumberland County, Illinois, by alleging that [defendant] knew or had reason to know that its acts and omissions in repairing Plaintiff's vehicle could impact the operation of a motor vehicle that would be using Illinois roadways, and that the cause of action arose out of or related to its contacts with the State of Illinois" and (2) defendant failed to present "uncontroverted evidence that contradicted the allegations in the Complaint and defeated jurisdiction."

¶ 20        Defendant argues the circuit court correctly dismissed plaintiff's complaint because the court lacked specific personal jurisdiction where (1) plaintiff failed to establish her injuries arose out of or related to any of defendant's contacts with Illinois and (2) it would be unreasonable to subject defendant to suit in Illinois when the conduct of which plaintiff complains occurred exclusively in Arkansas.  For the following reasons, we affirm.

¶ 21                             A.  Standard of Review

¶ 22        The plaintiff bears the burden of establishing a *prima facie* basis for exercising personal jurisdiction over a nonresident defendant.  *Aspen American Insurance Company v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 12, 90 N.E.3d 440.  "[A]ny conflicts in the pleadings and supporting affidavits will be resolved in the plaintiff's favor but uncontradicted evidence offered by the defendant may defeat jurisdiction."  *Id.*  Our review when the circuit

- 7 -

court decides a jurisdictional question solely on the basis of documentary evidence is *de novo*. *Rios v. Bayer Corporation*, 2020 IL 125020, ¶ 16, 178 N.E.3d 1088.

¶ 23                                      B.  Principles of Personal Jurisdiction

¶ 24          "Illinois's long-arm statute authorizes courts in this state to exercise jurisdiction over nonresident defendants." *Id.* ¶ 17.  Relevant here is subsection (c) of the Code, also known as the catchall provision, which provides that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 5/2-209(c) (West 2018).  As both parties agree subsection (c) is invoked in this case, we assess whether the nonresident defendant's contacts with Illinois suffice to satisfy both federal and Illinois due process.  See *Rios*, 2020 IL 125020, ¶ 17.  However, as neither party has argued that the Illinois Constitution imposes any greater restraint on the exercise of personal jurisdiction than the federal constitution, we consider only federal constitutional principles.  See *id.*

¶ 25          " 'The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant.' " *Id.* ¶ 18 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  " 'A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause.' " *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).  "State courts may 'exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice.' (Internal quotation marks omitted.)" *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)).

¶ 26                              C. Specific Personal Jurisdiction

¶ 27        While two categories of personal jurisdiction have been recognized, the parties

agree this case only involves specific personal jurisdiction.  See *id.* ¶ 19.  "A state may assert

specific personal jurisdiction over an out-of-state defendant only 'if the defendant has

purposefully directed [its] activities at residents of the forum' and if 'the litigation results from

alleged injuries that arise out of or relate to those activities.' (Internal quotation marks omitted.)"

*Id.* ¶ 20 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  " 'A State

generally has a manifest interest in providing its residents with a convenient forum for redressing

injuries inflicted by out-of-state actors,' and thus, its exercise of specific personal jurisdiction

over a nonresident defendant that purposefully directed activities toward residents of the forum is

legitimate."  *Id.* (quoting *Burger King*, 471 U.S. at 473).

¶ 28        For a forum to exercise specific personal jurisdiction consistent with due process,

a defendant's litigation-related "conduct must create a substantial connection with the forum

State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  To establish this substantial connection, the

plaintiff must establish that (1) "the defendant purposefully directed its activities at the forum

state" and (2) "the cause of action arose out of or relates to the defendant's contacts with the

forum state."  *Russell v. SNFA*, 2013 IL 113909, ¶ 40, 987 N.E.2d 778 (citing *Burger King*, 471

U.S. at 472).  If the court finds the defendant has the requisite "minimum contacts" with the

forum state, the court must also consider the reasonableness of requiring the defendant to litigate

in the forum state.  *Rios*, 2020 IL 125020, ¶ 30; *Russell*, 2013 IL 113909, ¶ 87.

¶ 29        We first turn to whether plaintiff established defendant purposefully directed its

activities at Illinois.

¶ 30                                 1. *Purposeful Availment*

¶ 31 Plaintiff argues specific personal jurisdiction exists over defendant where defendant purposefully availed itself of the privileges of conducting activities within Illinois. Plaintiff asserts defendant has sufficient minimum contacts with Illinois where the accident and injury occurred in Illinois, and it was foreseeable to defendant that its conduct could cause injuries in Illinois. Specifically, plaintiff argues defendant "knew or could have known with reasonable inquiry that the subject vehicle would be operated throughout the United States, including the State of Illinois." Moreover, plaintiff argues that given defendant operates service centers in Illinois, it is not unfair to subject defendant to Illinois jurisdiction if its negligence causes injuries in Illinois.

¶ 32 While defendant acknowledges it has service facilities in Illinois, it argues plaintiff makes no factual allegations linking her claim to its contacts in Illinois. Moreover, defendant argues plaintiff cannot establish sufficient minimum contacts based on foreseeability. Specifically, defendant asserts plaintiff's allegations that it could have reasonably foreseen she would drive throughout the United States, including in Illinois, and be injured in Illinois, is not a sufficient basis to establish purposeful availment. Defendant argues plaintiff appears to invoke a distorted version of the stream of commerce theory.

¶ 33 Under the requirements of purposeful availment, there must "be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted.) *Russell*, 2013 IL 113909, ¶ 42. The requirement exists so a nonresident defendant is not required to litigate in a forum due to attenuated or random contacts or the unilateral acts of a consumer. *Burger King*, 471 U.S. at 475.

¶ 34      Here, we find plaintiff established defendant purposefully directed its activities toward Illinois where defendant operates service facilities in Illinois and provides its services to the Illinois market. Defendant does not dispute that it operates service facilities in Illinois. However, defendant argues that plaintiff alleges no facts establishing that it attempts to foster any ongoing relationship with Illinois drivers or that it advertises or markets its services in Illinois.

¶ 35      Plaintiff cites *Ford Motor Co.*, 141 S. Ct. at 1028, to support her argument that defendant purposefully availed itself of the privileges of the Illinois market. In *Ford Motor Co.*, the Supreme Court held Montana and Minnesota had specific personal jurisdiction over Ford for lawsuits related to two separate accidents in those states that involved Ford vehicles. *Id.* at 1022. In determining whether Ford had the requisite minimum contacts with the forum states, the Supreme Court found Ford purposefully availed itself of the privileges of conducting business in both states and "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 1026-28. Specifically, Ford "advertised, sold, and serviced those two car models in both States for many years." *Id.* at 1028.

¶ 36      While defendant's contacts in Illinois are not as numerous as Ford's contacts in *Ford Motor Co.*, we do find that plaintiff established defendant had the requisite minimum contacts. We make such a finding where defendant does operate service centers in Illinois which provide services in the Illinois market. Moreover, given defendant operates in Illinois, defendant is entitled to the benefits and protections provided under Illinois law. Having found defendant purposefully availed itself of the privileges of conducting business in the state, we next turn to

whether plaintiff established the cause of action arose out of or related to defendant's contacts with Illinois.

¶ 37    2. *Arising Out of or Relating to Defendant's Contacts With the Forum*

¶ 38    A forum state may assert specific jurisdiction over a nonresident defendant if "the cause of action arose out of or relates to the defendant's contacts with the forum state." *Russell*, 2013 IL 113909, ¶ 40. The inquiry "focuses on the relationship among the defendant, the forum, and the litigation." (Internal quotation marks omitted.) *Walden*, 571 U.S. at 283-84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Thus, "The focus is on the defendant's activities within the forum State, not on those of the plaintiff." *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 29, 954 N.E.2d 432.

¶ 39    The Supreme Court in *Ford Motor Co.*, 141 S. Ct. at 1026, held the requirement that the cause "arise out of or relate to" the defendant's contacts with the forum is not exclusively a "causation-only approach." The Court explained that while "[t]he first half of that standard asks about causation," "the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* The phrase, "relates to" incorporates real limits in order to protect defendants foreign to a forum. *Id.*

¶ 40    Plaintiff argues her cause of action arises out of or relates to defendant's contacts with Illinois where her injuries occurred in Illinois after defendant performed negligent work on her vehicle. Plaintiff cites *Ford Motor Co.*, 141 S. Ct. at 1028, to support her argument that her cause of action arises out of or relates to defendant's contacts with Illinois. In *Ford Motor Co.*, the Supreme Court held Montana and Minnesota had specific personal jurisdiction over Ford where a defective Ford vehicle caused the plaintiffs' crash and injuries in those forums. *Id.* The Supreme Court found the plaintiffs' cause of action arose out of or related to Ford's contacts

with the forum where Ford advertised, sold, and serviced the two car models in the relevant forums. *Id.* The Supreme Court determined that there existed "a strong 'relationship among the defendant, the forum, and the litigation.' " *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

¶ 41 While defendant admits it has service facilities in Illinois, it argues plaintiff never alleged that its one-time service on her vehicle occurred at, or has anything to do with, any of its Illinois service centers, nor does plaintiff allege she ever had any contact with one of defendant's Illinois service centers. Defendant asserts plaintiff cannot establish specific personal jurisdiction over it based on her own Illinois contacts. Defendant argues, because plaintiff cannot establish any nexus between her claim and its Illinois contacts, plaintiff fails to establish her cause of action arises out of or relates to any of its contacts with Illinois.

¶ 42 Here, we find plaintiff's cause of action (negligence) did not arise out of or relate to defendant's contacts with Illinois, specifically, defendant's service centers in Illinois. Defendant performed maintenance work on plaintiff's vehicle in Arkansas. Thus, the only thing connecting defendant to Illinois as it relates to plaintiff's cause of action is the fact that plaintiff chose to drive to Illinois and was subsequently injured in Illinois. However, a "plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Our case is distinguishable from *Ford Motor Co.*, where plaintiff, not defendant, established a relationship among the forum and the litigation. Accordingly, where plaintiff's cause of action did not arise out of or relate to defendant's contacts with Illinois, plaintiff failed to meet her burden of establishing a *prima facie* basis to exercise specific personal jurisdiction over defendant.

¶ 43 While plaintiff fails to establish her cause of action arose out of or related to defendant's contacts with Illinois, the requisite minimum contacts for specific personal

- 13 -

jurisdiction, we choose to also address the reasonableness of requiring defendant to litigate in Illinois.

¶ 44                                    3. *Reasonableness*

¶ 45          To assess whether it is reasonable for a state to exercise personal jurisdiction over a nonresident defendant, courts consider "(1) the burden on [the] defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, and (4) the judicial system's interest in obtaining the most efficient resolution of the controversy." *Rios*, 2020 IL 125020, ¶ 30.

¶ 46          Initially, we note that we disagree with defendant's suggestion that plaintiff forfeited her argument as to whether it was reasonable to require defendant to litigate in Illinois. Defendant asserts plaintiff never argued before the circuit court why it would be reasonable to subject defendant to personal judication in Illinois. However, we find at the hearing on defendant's motion to dismiss, plaintiff referenced the four reasonableness factors in *Rios* and discussed the factors as they related to this case. Accordingly, we turn to whether it was reasonable to subject defendant to specific personal jurisdiction in Illinois.

¶ 47          Plaintiff argues (1) defendant fails to allege how litigation in Illinois would be a burden on defendant, (2) Illinois has a strong interest in adjudicating the dispute, as it involves a motor vehicle accident and injuries on an Illinois roadway, (3) Illinois is the most convenient forum for plaintiff where she brought a suit against multiple defendants, and (4) the Illinois judicial system has an interest in obtaining the most effective resolution to the controversy which plaintiff argues involves multiple defendants, thus the most reasonable location for litigation is the forum where the accident occurred rather than multiple suits in multiple states over the same incident.

¶ 48   Defendant disagrees and argues the reasonableness factors weigh strongly against exercising specific personal jurisdiction over defendant.  Specifically, defendant argues although plaintiff's injuries occurred in Illinois, the connection to Illinois ends there.  Defendant provides that while plaintiff cites to multiple cases that argue Illinois has a strong interest in resolving matters stemming from torts that occurred in Illinois, the cases cited involved injuries that occurred in Illinois to Illinois residents.  See *Russell*, 2013 IL 113909, ¶ 88; *Soria v. Chrysler Canada, Inc.*, 2011 IL App (2d) 101236, ¶¶ 1-4, 958 N.E.2d 285; *Lusk v. Unckrich Corp.*, 2021 IL App (5th) 200368, ¶ 27; *Schaefer v. Synergy Flight Center*, LLC., 2019 IL App (1st) 181779, ¶ 1, 136 N.E.3d 1088.

¶ 49   Moreover, defendant asserts there is no evidence showing plaintiff's injuries arise from or in any way relate to its contact with Illinois.  Thus, it would be unduly burdensome to have to litigate in a forum where its contacts in the forum have no connection to the underlying cause of action.  Defendant next argues Illinois does not have a strong interest in resolving a suit brought by an Arkansas resident against a nonresident defendant based on a one-time service that occurred in Arkansas.  Defendant notes the circuit court correctly found, "Illinois has little legitimate interest in the outcome of this matter and accepting jurisdiction would encroach upon the jurisdiction of the State of Arkansas, which is more affected by the matter."  Last, defendant argues as to the third and fourth factors, plaintiff cannot establish one suit in Illinois would be more convenient than multiple suits in multiple states over the same incident where plaintiff's claim does not relate to any of the other defendants.

¶ 50   We agree with defendant and conclude the factors weigh strongly against Illinois courts exercising specific jurisdiction over defendant.  First, while the accident and plaintiff's subsequent injuries occurred in Illinois, Illinois has no particular interest in resolving a claim that

did not arise out of or relate to defendant's contacts with Illinois. Second, given plaintiff's cause of action does not relate to defendant's contacts with Illinois, we find the burden placed on defendant to litigate in Illinois would be unreasonable. Third, plaintiff's interest in obtaining relief does not weigh in favor of Illinois exercising specific personal jurisdiction as to a nonresident plaintiff. Fourth, besides arguing one suit in Illinois would be more convenient than multiple suits in multiple states over the same incident, plaintiff does not explain how Illinois would be a more convenient location for this litigation over Arkansas, when, as stated above, the relevant claim involved an Arkansas resident who brought suit against an out-of-state defendant for services performed in Arkansas.

¶ 51        Accordingly, we find it would be unreasonable for Illinois to exercise specific personal jurisdiction over defendant. Therefore, we affirm the circuit court's judgment granting defendant's motion to dismiss for lack of personal jurisdiction.

¶ 52                          III. CONCLUSION

¶ 53        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 54        Affirmed.