Filed 11/5/10          NO. 4-10-0123

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JOHN BELL,                              )    Appeal from
          Plaintiff-Appellant,          )    Circuit Court of
          v.                            )    Champaign County
DON PRUDHOMME RACING, INC.,             )    No. 09L240
          Defendant-Appellee.           )
                                        )    Honorable
                                        )    Michael Q. Jones,
                                        )    Judge Presiding.
_____

          JUSTICE TURNER delivered the opinion of the court:

          In November 2009, plaintiff, John Bell, filed a com-

plaint for retaliatory discharge against defendant, Don Prudhomme

Racing, Inc., his former employer.  The next month, defendant

filed a motion to dismiss the action for lack of personal juris-

diction.  After a January 2010 hearing, the trial court granted

defendant's motion to dismiss.

          Plaintiff appeals, asserting the trial court erred by

finding it lacked personal jurisdiction over defendant.  We

reverse and remand with directions.

                          I. BACKGROUND

          Plaintiff's November 2009 complaint alleged he was a

resident of Champaign County, Illinois, and defendant was a

California corporation doing business in Champaign County. In February 2001, defendant hired plaintiff as a marketing and hospitality assistant coordinator, and plaintiff performed all of the terms, conditions, and requirements of his position in a satisfactory manner. On or around October 27, 2004, plaintiff was injured on the job and reported the injury to his employer. During the week of December 12, 2004, defendant terminated plaintiff's employment. Plaintiff asserted defendant's termination of his employment was in retaliation for his reporting the work-related injury and subsequently filing a workers' compensation claim.

Defendant filed a motion to dismiss for lack of personal jurisdiction, asserting no contract was signed in Illinois and no tortious act took place here. In support of its motion, defendant attached the affidavit of Edward L. Allum, Jr., defendant's general manager. Allum stated defendant's main office was located in Vista, California, and it has another facility in Brownsburg, Indiana. Defendant did not have an office in Illinois. From about February 1 through November 30, each year, an entire crew, which would have included plaintiff, was on the road traveling from racing event to racing event all over the country. Defendant attended two racing events in Illinois that lasted five

to six days.  One was in Will County and the other in Madison County.  Outside of those two events, defendant did not have contact with Illinois.

In January 2010, plaintiff filed a response to defendant's motion to dismiss, asserting Illinois had jurisdiction under the Workers' Compensation Act.  See 820 ILCS 305/1(b)(2) (West 2008).  Plaintiff also argued the parties' employment contract was created and carried out in substantial connection with Illinois.  In support of his position, plaintiff attached his own affidavit.

In his affidavit, plaintiff stated he was an Illinois resident and received multiple telephone calls at his residence from defendant's acting manager, Cory Watkins.  Watkins offered him employment with defendant via a telephone call while plaintiff was in Illinois, and plaintiff accepted employment in Illinois.  Defendant mailed plaintiff an employment package to his Illinois residence, which plaintiff completed and returned to defendant via Federal Express from his residence.  Defendant employed plaintiff from 2001 to 2004.  As part of his employment, plaintiff maintained, repaired, and stored a semitrailer at his residence, which he used to transport defendant's equipment to various races across the nation.  Each year of his employment, he

drove the semitrailer to and performed his regular job duties at three races in Illinois. Moreover, during his employment, plaintiff was based out of his Illinois residence and received work assignments from defendant's employees by telephone at his residence. Last, plaintiff was at his residence when he received the call from defendant terminating his employment.

Defendant filed a response, asserting (1) the Illinois Workers' Compensation Act did not apply to this case, (2) defendant hired plaintiff in California, (3) plaintiff performed the majority of his duties in other states, and (4) no tortious act took place in Illinois. Defendant did acknowledge a third racing event took place in Illinois when defendant was employed, and that event took place in Cook County. Defendant also attached the affidavit of Robert E. Craig, defendant's mobile marketing unit manager from 1999 to 2007, and a supplemental affidavit by Allum.

In his affidavit, Craig stated he interviewed plaintiff for a position with defendant in Topeka, Kansas, in 2000. In December 2000, Craig telephoned plaintiff and informed him defendant would offer him a job if all of his paperwork and tests were completed satisfactorily. Craig further told plaintiff he would not be an employee of defendant until plaintiff (1) was at

- 4 -

the shop in California; (2) interviewed by Don Prudhomme; and (3) completed the employment paperwork, commercial driver's license record report, background check, drug test, and driving test. Defendant hired plaintiff for a support position for the transportation, assembly, and onsite staffing of a mobile marketing unit operated by defendant for a smokeless tobacco company at all national racing events during the drag-racing season. Defendant's driving duties required him to transport a semitrailer (1) to and from racing events all around the country, (2) to defendant's facilities in California and Indiana, and (3) to and from any other third-party agencies for such things as retrofitting, redesign, and maintenance. Defendant did not give plaintiff a written offer of employment. In December 2004, Craig, who was in Florida at the time, terminated plaintiff's employment with defendant by telephone. After that telephone call, plaintiff filed a workers' compensation claim, alleging an injury that took place in Nevada.

To his supplemental affidavit, Allum attached numerous documents, which included the following: (1) Allum's memorandum describing plaintiff's duties for 2003; (2) a schematic showing the 2004 tour schedule; (3) the 2004 tour schedule followed by plaintiff, including the mileage between sites; (4) a January 22,

2001, receipt for the airline ticket purchased by defendant for plaintiff's air travel from Champaign to San Diego, California; (5) a receipt for a hotel room in Vista, California, for plaintiff for lodging in January 2001; (6) plaintiff's original W-4 form; (7) a "personal file" document completed by plaintiff in California on January 25, 2001; and (8) a copy of the payroll register showing plaintiff's salary beginning with the January 23, 2001, through February 5, 2001, pay period.  Allum also stated that, excluding driving time, plaintiff only spent 15 days in Illinois during the 2004 season.  Additionally, defendant did not allow plaintiff to perform maintenance or repair work on any vehicle on defendant's behalf.  Last, if a vehicle was stored at plaintiff's residence, it was for plaintiff's personal convenience.  If a vehicle needed to be stored for any lengthy period of time, it was to be stored at the Indiana facility.

On January 26, 2010, the trial court held a hearing on defendant's motion to dismiss.  At the hearing, the parties' attorneys argued the motion based on the materials presented with their respective memoranda.  The court did not hear any evidence. At the conclusion of the arguments, the court granted defendant's motion to dismiss, finding (1) the employment contract was not created in Illinois and (2) a tortious act did not take place in

Illinois.

On February 11, 2010, plaintiff filed a notice of appeal from the dismissal in compliance with Supreme Court Rule 303 (Official Reports Advance Sheet No. 15 (July 16, 2008), R. 303, eff. May 30, 2008), and thus this court has jurisdiction under Supreme Court Rule 301 (155 Ill. 2d R. 301).

## II. ANALYSIS

On appeal, plaintiff challenges the trial court's finding it lacked personal jurisdiction over defendant.

The plaintiff bears the burden of establishing a basis for personal jurisdiction over the defendant. Knaus v. Guidry, 389 Ill. App. 3d 804, 813, 906 N.E.2d 644, 652 (2009). Once the plaintiff meets that burden, the burden then shifts to the defendant to demonstrate why the assertion of jurisdiction would be unreasonable. Flanders v. California Coastal Communities, Inc., 356 Ill. App. 3d 1113, 1117, 828 N.E.2d 793, 797 (2005). In determining whether a particular defendant falls subject to the jurisdiction of this state, the court must first decide whether the plaintiff "established a prima facie case of jurisdiction through the untraversed pleadings, documents, and affidavits." Knaus, 389 Ill. App. 3d at 813, 906 N.E.2d at 652. In making that decision, the court must also accept as true any

- 7 -

facts alleged in the defendant's affidavits unless the plaintiff's affidavits contradicted them, in which case the facts in the plaintiff's affidavits prevail.  Keller v. Henderson, 359 Ill. App. 3d 605, 611, 834 N.E.2d 930, 934 (2005).  "If jurisdictional facts remain in controversy, then the court must conduct a hearing to resolve those disputes."  Knaus, 389 Ill. App. 3d at 813, 906 N.E.2d at 652.  Where, as in this case, the trial court decides the matter on documentary evidence alone, we review that decision de novo.  Knaus, 389 Ill. App. 3d at 813, 906 N.E.2d at 652.

Illinois' long-arm statute governs the ability of Illinois courts to exercise jurisdiction over nonresidents. Knaus, 389 Ill. App. 3d at 813, 906 N.E.2d at 652.  Plaintiff cites the traditional two-step analysis for determining personal jurisdiction, which first considered whether jurisdiction was proper under the long-arm statute's specific language and then whether the exercise of jurisdiction complied with due-process principles.  Knaus, 389 Ill. App. 3d at 813, 906 N.E.2d at 652. However, the long-arm statute now contains a provision that permits an Illinois court to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 5/2-209(c)

(West 2008).  Thus, "'if the contacts between a defendant and Illinois are sufficient to satisfy both federal and state due[-]process concerns, the requirements of Illinois' long-arm statute have been met, and no other inquiry is necessary.'"  Knaus, 389 Ill. App. 3d at 814, 906 N.E.2d at 653, quoting Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 387, 827 N.E.2d 1031, 1036 (2005).  Accordingly, a court's consideration of whether the defendant performed any of the acts enumerated in the long-arm statute is now "'wholly unnecessary.'"  Kostal, 357 Ill. App. 3d at 387, 827 N.E.2d at 1036, quoting Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992).

Additionally, we note "the due[-]process protections arising from the United States and Illinois Constitutions are not identical and must be analyzed separately."  Knaus, 389 Ill. App. 3d at 814, 906 N.E.2d at 653.  Thus, our personal-jurisdiction analysis will focus only on whether plaintiff has demonstrated both the federal and Illinois due-process requirements have been met in this case.  See Keller, 359 Ill. App. 3d at 612, 834 N.E.2d at 935.

### A. Federal Due Process

"To satisfy federal due[-]process requirements, a nonresident defendant must have sufficient minimum contacts with

the forum state so that the exercise of jurisdiction does not offend '"traditional notions of fair play and substantial justice." [Citation.]'" <u>Compass Environmental, Inc. v. Polu Kai Services, L.L.C.</u>, 379 Ill. App. 3d 549, 557-58, 882 N.E.2d 1149, 1158 (2008), quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945). "Thus, our analysis must focus on two factors: (1) the defendant's contacts with Illinois and (2) the fairness or reasonableness of exercising personal jurisdiction over the defendant." <u>W.R. Grace & Co. v. CSR Ltd.</u>, 279 Ill. App. 3d 1043, 1047, 666 N.E.2d 8, 10 (1996).

### 1. <u>Minimum</u> <u>Contacts</u>

The "minimum contacts" required for personal jurisdiction differ depending on the type of jurisdiction sought. <u>Keller</u>, 359 Ill. App. 3d at 613, 834 N.E.2d at 936. Under the federal due-process clause, jurisdiction over a nonresident defendant may be based upon "'general' or 'specific' jurisdiction." <u>Knaus</u>, 389 Ill. App. 3d at 814, 906 N.E.2d at 653. The difference in the two types of jurisdiction has been explained as follows:

"While 'general jurisdiction,' for personal

- 10 -

jurisdiction purposes, applies to suits nei-
ther arising out of nor related to a nonresi-
dent defendant's contacts with the forum, and
is permitted only where the defendant has
continuous and systematic general business
contacts with the forum, 'specific jurisdic-
tion' refers to personal jurisdiction in a
suit arising out of or related to a defen-
dant's contacts with the forum."  Borden
Chemicals & Plastics, L.P. v. Zehnder, 312
Ill. App. 3d 35, 41, 726 N.E.2d 73, 78-79
(2000).

In this case, plaintiff asserts Illinois has both general and
specific personal jurisdiction over defendant.

### a. General Jurisdiction

As stated, for a court to obtain general jurisdiction
over a nonresident defendant, the defendant must have had "con-
tinuous and systematic general business contacts with the forum."
Zehnder, 312 Ill. App. 3d at 41, 726 N.E.2d at 78-79.  That
threshold is high.  Tamburo v. Dworkin, 601 F.3d 693, 701 (7th
Cir. 2010).  The defendant's "contacts must be sufficiently
extensive and pervasive to approximate physical presence."

_Tamburo_, 601 F.3d at 701. Moreover, "it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there." _International Shoe Co._, 326 U.S. at 317, 90 L. Ed. at 102-03, 66 S. Ct. at 159. In determining whether general jurisdiction exists, federal courts have examined the following factors:

> "(1) whether defendants maintain offices or
> employees in Illinois; (2) whether defendants
> send agents into Illinois to conduct busi-
> ness; (3) whether defendants have designated
> an agent for service of process in Illinois;
> (4) whether defendants advertise or solicit
> business in Illinois; and (5) the extent to
> which defendants conduct business in Illi-
> nois." _Richter v. INSTAR Enterprises Inter-_
> _national, Inc._, 594 F. Supp. 2d 1000, 1006
> (N.D. Ill. 2009).

While this court is not bound by the decisions of the lower federal courts (_Hinterlong v. Baldwin_, 308 Ill. App. 3d 441, 452, 720 N.E.2d 315, 323 (1999)), we agree with the federal court's

- 12 -

listing of the factors suggested by the United States Supreme Court in <u>Helicopteros Nacionales de Colombia, S. A. v. Hall</u>, 466 U.S. 408, 416, 80 L. Ed. 2d 404, 412, 104 S. Ct. 1868, 1873 (1984).

In this case, plaintiff's affidavit and defendant's uncontradicted affidavits show defendant did not maintain an office in Illinois and only had its employees in Illinois for three races, each of which lasted five to six days. Moreover, plaintiff does not allege defendant (1) had an agent for service of process in Illinois or (2) advertised or solicited business in Illinois. Additionally, while plaintiff was employed, defendant had a crew, including plaintiff, traveling across the country from event to event from February 1 to November 30 each year, of which 18 days at most were spent in Illinois. Thus, defendant did not conduct much business in Illinois.

Plaintiff cites no authority that employing a resident of a state and giving the employee work assignments in his home state is more than casual presence in that State. Especially when the employee is not in that home state for nine plus months of the year. Defendant's limited contacts with Illinois are not near physical presence in this state.

Accordingly, we find plaintiff failed to state a <u>prima</u>

<u>facie</u> case of general personal jurisdiction as such jurisdiction does not comport with federal due process.

### b. <u>Specific</u> <u>Jurisdiction</u>

Plaintiff also contends Illinois has specific personal jurisdiction over defendant.

With specific jurisdiction, a nonresident defendant has minimum contacts with the forum state when "the defendant has 'purposefully directed' his activities at residents of the forum, [citation], and the litigation results from alleged injuries that 'arise out of or relate to' those activities, [citation]." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 541, 105 S. Ct. 2174, 2182 (1985). Regarding tort actions, the state in which the injury occurs is the state in which the tort occurs, and one who commits a tort in a state that is not its resident state should still be amenable to suit there. <u>Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership</u>, 34 F.3d 410, 412 (7th Cir. 1994), citing <u>Calder v. Jones</u>, 465 U.S. 783, 790, 79 L. Ed. 2d 804, 812-13, 104 S. Ct. 1482, 1487 (1984) (holding the state where the victim of the defendant's defamation lived had jurisdiction over the victim's defamation suit). Moreover, "[t]he Seventh Circuit has repeat-edly held that tortfeasors must expect to be haled into Illinois

- 14 -

courts for torts where the injury took place there." ABN AMRO, Inc. v. Capital International Ltd., 595 F. Supp. 2d 805, 828 (N.D. Ill. 2008), citing Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. 1997).

Here, plaintiff has alleged the tort of retaliatory discharge, which has the following elements: (1) the employer discharged the plaintiff, (2) the discharge was in retaliation for the plaintiff's activities, and (3) the discharge violated a clear mandate of public policy. Webber v. Wight & Co., 368 Ill. App. 3d 1007, 1021, 858 N.E.2d 579, 592 (2006). In the employment context, "discharge" means "the release, dismissal, or termination of an employee." Welsh v. Commonwealth Edison Co., 306 Ill. App. 3d 148, 153, 713 N.E.2d 679, 683 (1999). "[O]ur supreme court has not expanded the tort of retaliatory discharge to encompass any behavior other than actual termination of employment." Welsh, 306 Ill. App. 3d at 153, 713 N.E.2d at 683.

In this case, the facts are uncontested that defendant's agent was in Florida when he telephoned plaintiff, who was at his Illinois residence, and told plaintiff he was no longer employed. Defendant's affidavits do not state where its agents made the decision to terminate plaintiff. Based on the aforementioned facts, plaintiff asserts his injury occurred in Illinois

- 15 -

because his discharge was not final and effective until defendant communicated it to him. Plaintiff contends the termination of an employee is analogous to contract formation where the contract is not formed until the acceptance is communicated to the party making the offer. Conversely, defendant contends the discharge occurred in California because the prominent action in discharging an employee is the determination the employee will no longer have employment with the company. Neither party cites any case law regarding where an injury occurs with the tort of retaliatory discharge. This issue appears to be a matter of first impression in Illinois.

While courts have not specifically addressed the place of injury for a retaliatory-discharge action in the context of specific personal jurisdiction, the issue also arises in analyzing choice of law. For such an analysis, the most-significant-relationship test is used. Safeco Insurance Co. v. Jelen, 381 Ill. App. 3d 576, 579, 886 N.E.2d 555, 558 (2008). Under that test, courts consider, inter alia, where the injury occurred and where the conduct causing the injury occurred. Safeco, 381 Ill. App. 3d at 580, 886 N.E.2d at 558. Illinois courts have not addressed where the injury occurred in a retaliatory-discharge action in the context of choice of law, and thus we look to case

law from other jurisdictions.  See Kostal, 357 Ill. App. 3d at 395, 827 N.E.2d at 1043 (noting that, while not binding, decisions from other jurisdictions constitute persuasive authority and are entitled to respect).

The Seventh Circuit analyzed the location of the injury in a retaliatory-discharge action where the defendant's world headquarters was located in Illinois and the plaintiff, who was a Virginia resident at the time, worked at a plant in Alabama. French v. Beatrice Foods Co., 854 F.2d 964, 965 (7th Cir. 1988). The court rejected the plaintiff's argument his injury occurred at the defendant's headquarters where he was informed two months before his termination "there would be no other position for him" and concluded "[t]he place of injury (the loss of [the plaintiff]'s job) was Alabama." French, 854 F.2d at 965-66.

The Fourth Circuit has addressed the location of the injury in a wrongful-discharge suit and found the plaintiff's injury was his termination, which occurred in Maryland because that was where plaintiff had his office and where his dismissal was communicated to him. Milton v. IIT Research Institute, 138 F.3d 519, 522 (4th Cir. 1998).

In Ashmore v. Northeast Petroleum Division of Cargill, Inc., 843 F. Supp. 759, 773 (D. Me. 1994), the plaintiff worked

out of an office in Maine, traveled to several other states in the area for work, and met with his supervisors in several states. Defendant had headquarters in Massachusetts and that is where plaintiff was told his employment was terminated. Ashmore, 843 F. Supp. at 773. With regard to plaintiff's wrongful termination case, the court found the place the injury occurred was Massachusetts, where Ashmore's employment was terminated. Ashmore, 843 F. Supp. at 774.

The aforementioned cases focus on where the plaintiff was located at the time of termination and not where the defendant made the decision to terminate the plaintiff. The decision to terminate the employee is the conduct that caused the injury, the location of which is a separate consideration. Here, plaintiff was at his residence in Illinois when he received word of his termination. Accordingly, we agree with plaintiff that his injury occurred in Illinois. Moreover, we note it was foreseeable plaintiff would receive the call in Illinois as the racing season was over and plaintiff resided in Illinois. Thus, defendant should have "reasonably anticipate[d] being haled into court" in Illinois. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567 (1980).

Since the tort occurred in Illinois, we find plaintiff

- 18 -

has stated minimum contacts for establishing specific personal jurisdiction.

## 2. Reasonableness

In addition to establishing defendant's minimum contacts with Illinois, plaintiff had to show the reasonableness of Illinois exercising personal jurisdiction over defendant to comply with federal due process. See W.R. Grace & Co., 279 Ill. App. 3d at 1047, 666 N.E.2d at 10. When determining the reasonableness of requiring a nonresident defendant to litigate in the forum State, courts consider the following: (1) the burden on the defendant; (2) the forum State's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interest of several States, including the forum State, in the efficient judicial resolution of the dispute and the advancement of substantive social policies. Zazove v. Pelikan, Inc., 326 Ill. App. 3d 798, 808, 761 N.E.2d 256, 264 (2001), citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 112-15, 94 L. Ed. 2d 92, 104-06, 107 S. Ct. 1026, 1032-33 (1987).

Here, the burden on defendant is not significant as defendant already travels to Illinois for two races and has an office in neighboring Indiana. Moreover, plaintiff was an

Illinois resident, performed some of his work for defendant in Illinois, and asserts his termination was in violation of the public policy of Illinois as set forth in the Workers' Compensation Act (820 ILCS 305/1 through 30 (West 2008)). Thus, Illinois has an interest in the resolution of this suit. Plaintiff sought relief in his home state, from which he was based when he was not on the road and where he received word of his termination. As stated, plaintiff has alleged it is the public policy of Illinois that is at issue in this case. Since plaintiff is an Illinois resident and Illinois has a significant interest in the lawsuit, personal jurisdiction in Illinois is reasonable.

## B. Illinois Due Process

Last, personal jurisdiction over defendant must comport with the due-process provision of the Illinois Constitution. Under that provision, a court may exercise jurisdiction "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990).

Here, defendant hired an Illinois resident,

communicated with plaintiff at his Illinois residence, and had defendant work in Illinois for around 15 days a year. Moreover, plaintiff has raised a retaliatory-discharge claim, for which we have found the injury occurred in Illinois, and plaintiff's complaint alleges a violation of Illinois public policy. Additionally, plaintiff filed his workers' compensation claim in Illinois. Thus, plaintiff's complaint and affidavit have provided sufficient facts showing defendant's acts affected Illinois' interests, and thus personal jurisdiction over defendant is fair, just, and reasonable.

Since specific personal jurisdiction over defendant in this case comports with both federal and Illinois due process, plaintiff has stated a prima facie case. While defendant has contested some of the facts asserted by plaintiff, the facts relied on by this court in finding specific personal jurisdiction are not contested by defendant. Thus, an evidentiary hearing is not warranted, and the trial court has personal jurisdiction over defendant. Accordingly, the trial court erred by dismissing plaintiff's cause of action.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's dismissal of plaintiff's retaliatory-discharge complaint and

remand for further proceedings.

Reversed and remanded with directions.

MYERSCOUGH, P.J., and STEIGMANN, J., concur.