**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210474-U

Order filed June 29, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a OSF Healthcare Saint Francis Medical Center, | ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0474 Circuit No. 20-CH-64 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Honorable David A. Brown, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) Trial court properly applied Michigan law to healthcare provider's petition to adjudicate liens filed directly against insurer where insured resided in Michigan and the insurance policy was issued in Michigan.
(2) Trial court properly granted judgment in favor of respondent insurer where healthcare provider's claim for personal protection insurance benefits was barred by the one-year-back rule under Michigan law.

¶ 2    Petitioner, OSF Healthcare System, d/b/a OSF Healthcare Saint Francis Medical Center

(OSF), filed suit against respondent, State Farm Mutual Automobile Insurance Company (State

Farm), to adjudicate liens for healthcare services provided to two injured passengers in a vehicle that was insured by a State Farm policy issued in Michigan. State Farm moved for judgment on the pleadings under section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2020)), and the circuit court granted its motion. On appeal, OSF claims that the trial court erroneously applied Michigan law to the parties' dispute and erred in granting judgment in State Farm's favor based on Michigan's one-year-back rule. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The facts in this case are not in dispute. Two brothers, David and Emanuel Kitulo, were injured in an automobile accident that occurred in Rock Island County, Illinois, on April 22, 2017. Benjamin Manoa was driving the vehicle, and the Kitulos were passengers. Manoa and the Kitulos resided in Michigan at the time of the accident. The vehicle was titled and registered in Michigan and insured under a State Farm policy that was issued in Michigan.

¶ 5        In April and May 2017, OSF provided medical services to the Kitulos for injuries they sustained in the accident. On September 27, 2017, OSF served State Farm with notice of a lien for healthcare services pursuant to section 10 of the Health Care Services Lien Act (770 ILCS 23/10 (West 2016)). The notice claimed a lien on any claim or demand David had against State Farm or its insured, Manoa. On September 27, 2018, OSF served a similar lien on State Farm for healthcare services provided to Emanuel. Both notices stated that the Kitulos resided in Grand Rapids, Michigan on the date of the accident.

¶ 6        On February 21, 2020, OSF filed a petition to adjudicate the liens, alleging that it was entitled to payment of its pro-rata share of 40% of the gross settlement for the Kitulos' personal injury claims. State Farm filed a motion for judgment on the pleadings under section 2-615(e) of the Code, arguing that Michigan law applied and that OSF's claim was barred by the one-year-

2

back rule under Michigan's no-fault act (Mich. Comp. Laws § 500.3145 (2020)). OSF responded, claiming that Illinois law applied because the underlying tort occurred in Illinois and, even if Michigan law prevailed, it had a statutory right to bring a direct claim against an insurer for personal protection insurance (PIP) benefits based on section 500.3112 (Mich. Comp. Laws § 500.3112 (2020)).

¶ 7        In its reply brief, State Farm argued that OSF's petition should be dismissed because: (1) at the time the liens accrued, a healthcare provider did not have a direct cause of action against a no-fault insurance provider in Michigan; and (2) the petition was time-barred by Michigan's one-year-back rule. Following a hearing on the motion, the trial court found "the reasoning and analysis in [Respondent's] Reply to be accurate" and granted judgment in State Farm's favor.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, OSF claims that the trial court erred in granting State Farm's motion for judgment on the pleadings. OSF maintains that Illinois law applies to its petition to adjudicate the liens where the underlying tort occurred in Illinois and, even if Michigan law applies, the one-year-back rule under Michigan's no-fault act does not bar its claim for PIP benefits.

¶ 10        "Any party may seasonably move for judgment on the pleadings." 735 ILCS 5/2-615(e) (West 2020). A motion for judgment on the pleadings brought under section 2-615(e) of the Code is proper where the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). In ruling on a 2-615(e) motion, all well-pleaded facts in the complaint are taken as true, and the court must construe the allegations in a light most favorable to the petitioner. *Bennett v. Chicago Title & Trust Co.*, 404 Ill. App. 3d 1088, 1094 (2010). We review *de novo* an order granting a section 2–615(e) motion for judgment on the pleadings. *Id.*

¶ 11    Here, the threshold issue in determining whether the trial court erred in granting State Farm's motion for judgment on the pleadings is whether OSF's claim is a tort claim or a contract claim. Resolution of this issue determines whether Michigan or Illinois law applies.

¶ 12    To resolve this issue, we must first consider the conflicts law in Illinois as the forum state. *Safeco Insurance Co. v. Jelen*, 381 Ill. App. 3d 576, 579 (2008). "Illinois follows the Restatement (Second) of Conflicts of Law in making choice-of-law decisions." *Id.* If the claim raised is a tort, the most significant relationship test is used. See Restatement (Second) of Conflict of Laws § 145 (1971). Under that test, the law of the place of the injury controls unless another state has a more significant relationship with the occurrence and with the parties. *Safeco Insurance Co.*, 381 Ill. App. 3d at 580. Factors that should be consider include: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the domicile, residence, place of incorporation, and place of business of the parties; and (4) where the relationship between the parties is centered. *Id.*

¶ 13    If the claim raised is a contract, the most significant contacts test is used. Restatement (Second) of Conflict of Laws § 188 (1971). In the most significant contacts test, insurance contracts are governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract. *United Farm Family Mutual Insurance Co. v. Frye*, 381 Ill. App. 3d 960, 965 (2008).

¶ 14    Where the issues involve the rights of the parties under an insurance policy and the applicable state law, the cause of action is more in line with contract cases involving insurance disputes. See, *e.g.*, *Costello v. Liberty Mutual Fire Insurance Co.*, 376 Ill. App. 3d 235, 240-41 (2007). In *Costello*, the court held:

4

"The factors considered under [the significant contacts] approach should be evaluated in light of the relevant policies of the forum and other interested states and those states' interest in the issue. [Citation.] Unless some other state has a more significant relationship to the transaction, an automobile policy will be governed by the state where the car was intended to be principally located, even if the car is occasionally located somewhere else. [Citation.]" (Internal quotation marks omitted.) *Id.* at 241.

¶ 15 In this case, the issue centers on the rights of the parties as they relate to the State Farm insurance policy. Thus, the matter is more in line with contract claims involving a coverage dispute arising out of an automobile policy. See *id.* Since we find the claim raised here is based in contract, we will apply the most significant contacts test.

¶ 16 Applying that test, the undisputed facts indicate that Michigan has more significant contacts to the PIP benefits dispute than Illinois. The Kitulos were residents of Michigan, the insured was a resident of Michigan, the vehicle was titled and registered in Michigan, and the policy was issued in Michigan. OSF's right to recover PIP benefits is purely a contractual one derived from the relationship between the insurance company and the insured. Thus, Michigan, as the state where the contract for PIP benefits was entered, has the most significant contacts in this case.

¶ 17 Under Michigan law, the State Farm policy is subject to the mandatory provisions of Michigan's no-fault act (see Mich. Comp. Laws Ann. § 500.3101 *et seq.* (West 2020)). Section 500.3105 of the act provides that a no-fault insurer is liable for PIP benefits without regard to fault for accidental bodily injury arising out of a motor vehicle accident, abolishing tort actions except in rare circumstances. Mich. Comp. Laws Ann. § 500.3105 ( West 2020). Section 500.3112 further provides that :

"Personal protection insurance benefits are payable to or for the benefit of an injured person or, in the case of his or her death, to or for the benefit of his or her dependents. A heath care provider listed in section 3157 may make a claim and assert a direct cause of action against an insurer." Mich. Comp. Laws Ann. § 500.3112 (West 2020).

However, the no fault act also limits the liability of insurers through section 500.3145. Section 500.3145(2) provides that healthcare providers "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Mich. Comp. Laws Ann. § 500.3145(2) (West 2020).[1]

¶ 18      In *Joseph v. Auto Club Insurance Ass'n*, 491 Mich. 200 (2012), the Michigan Supreme Court discussed section 500.3145 and noted that limiting provision is not necessarily a statute of limitations but a limitation on damages, commonly referred to as the "one-year-back" rule. The court emphasized "[t]he one-year-back rule is designed to limit the amount of [PIP] benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph*, 491 Mich. at 203.

¶ 19      Here, OSF's claim against State Farm is barred by the one-year-back rule. OSF failed to file its petition to recover its losses within one year of providing services to the Kitulos. It provided services to the Kitulos in April and May 2017, but it did not file a petition to recover PIP benefits until February 2020. Because OSF's claim is barred by Michigan law, the trial court properly granted State Farm's section 2-615(e) motion for judgment as a matter of law.

¶ 20                              III. CONCLUSION

¶ 21      The judgment of the circuit court of Peoria County is affirmed.

---

[1] Section 500.3145(1) was amended to add subsections (2) through (5) effective June 11, 2019. Pub. Act 2019, No. 21 (immediately eff. June 11, 2019).

¶ 22            Affirmed.