**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210420-U

Order filed June 29, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| WEST COAST SERVICING, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| CATHY RICHARDS, BRIARCLIFF | ) | |
| ESTATES COMMUNITY | ) | Appeal No. 3-21-0420 |
| ASSOCIATION, UNKNOWN OWNERS, | ) | Circuit No. 17-CH-237 |
| and NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Bruce Page, | ) | The Honorable |
| | ) | Adrienne W. Albrecht, |
| Intervenor-Appellee). | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hauptman and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    In an appeal in a mortgage foreclosure case, the appellate court held that the trial court lacked jurisdiction to rule upon plaintiff's motion to vacate an order that had been entered by the trial court nearly 18 months earlier, which required plaintiff to refund the purchase price that had been paid at the sheriff's sale of the subject property to the sheriff's sale purchaser. The appellate court, therefore, vacated the trial court's ruling upon that motion and dismissed the motion.

¶ 2        Plaintiff, West Coast Servicing, Inc. (West Coast), filed a motion in its mortgage foreclosure action (this case) seeking to vacate an order that had been entered by the trial court nearly 18 months earlier requiring West Coast to refund the purchase price that had been paid at the sheriff's sale of the subject property to the sheriff's sale purchaser, Bruce Page. Page opposed West Coast's motion to vacate. After a hearing, the trial court denied West Coast's motion as untimely. West Coast appeals. We find that the trial court lacked jurisdiction to rule upon West Coast's motion. We, therefore, vacate the trial court's ruling on West Coast's motion and dismiss the motion.

¶ 3                              I. BACKGROUND

¶ 4        The subject property was located in Bourbonnais, Kankakee County, Illinois, and had two mortgages on it. The first mortgage was executed in March 2003 and eventually came to be owned or held by Bayview Loan Servicing, LLC (Bayview). The second mortgage was executed in September 2004 and eventually came to be owned or held by West Coast. Both mortgages were duly recorded.

¶ 5        In December 2017, West Coast filed its complaint in this case to foreclose upon the second mortgage on the subject property, alleging that the homeowner/borrower had defaulted on her payment obligations. West Coast's complaint did not name Bayview as a defendant and did not refer to Bayview or Bayview's mortgage.

¶ 6        The following year, in August 2018, Bayview filed a complaint in a separate case in the trial court to foreclose upon the first mortgage on the subject property (Bayview's mortgage foreclosure case). Bayview's complaint named West Coast as an additional defendant because Bayview sought to terminate West Coast's junior mortgage (the second mortgage) on the subject property. Bayview subsequently recorded its notice of foreclosure. West Coast did not file an

2

appearance, answer, or other pleading in Bayview's mortgage foreclosure case and was eventually defaulted in that case.

¶ 7    In January 2019, a judgment of foreclosure and sale was entered in West Coast's favor in this case. The judgment directed that the subject property be sold at a sheriff's sale. The judgment, however, did not indicate that the property was still subject to the Bayview mortgage.

¶ 8    On April 10, 2019, a judgment of foreclosure and sale was entered in Bayview's favor in Bayview's mortgage foreclosure case. The judgment purported to terminate West Coast's junior interest in the subject property, although it did so somewhat implicitly, and directed that the subject property be sold at a sheriff's sale.

¶ 9    About a week later, on April 17, 2019, the subject property was sold at a sheriff's sale in this case to Bruce Page for $78,000. The following month, in May 2019, the trial court entered an order approving the sheriff's sale. None of the documentation for the sheriff's sale (the notice of sale, receipt upon sale, or certificate of sale), however, indicated that the property was still subject to the Bayview mortgage.

¶ 10    In June 2019, within 30 days after the order approving sale had been entered, Page filed a motion in this case to vacate the order approving sale.[1] In the motion, Page alleged that the terms of the sheriff's sale were unconscionable and that justice had not otherwise been done because West Coast did not provide potential buyers with notice, through either the mortgage foreclosure or sheriff's sale documents, that another foreclosure action had been filed as to the subject property by Bayview, that Bayview's interest in the subject property was superior to that of West Coast, and that West Coast's interest in the subject property (other than a right of redemption) had been, or would be, extinguished. Page also pointed out in the motion that the

---

[1] An order was later entered in the trial court allowing Page to intervene in this case.

sheriff's sale documents indicated that the purchaser would receive a deed to the subject property.

¶ 11     In September 2019, the trial court entered an order in Bayview's mortgage foreclosure case approving the sheriff's sale that had taken place in that case.

¶ 12     In January 2020, a hearing was held in this case on Page's motion to vacate. Prior to the hearing, the parties (Page and West Coast) had fully briefed the matter before the trial court. After listening to the oral arguments of the attorneys, the trial court ruled in Page's favor, vacated the prior court order that had been entered in this case approving the sheriff's sale, declared the sheriff's sale a nullity, and ordered West Coast to refund the $78,000 purchase price to Page (the January 2020 order). The January 2020 order did not include an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding.

¶ 13     Over the next several months, West Coast failed to return the purchase price to Page. In June 2021, about 17 months after the trial court's January 2020 order, Page filed a motion in this case seeking to have a rule to show cause entered against West Coast for failing to refund the purchase price to Page as the trial court had directed.

¶ 14     The following month, in July 2021, West Coast filed a motion in this case pursuant to section 2-1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2020)) seeking to vacate the trial court's January 2020 order—the order requiring West Coast to refund the purchase price to Page. Page opposed the motion to vacate. A hearing was held on the motion later that same month. After listening to the oral arguments of the attorneys, the trial court found that the January 2020 order was a final order and denied West Coast's motion to vacate as untimely. In its ruling, the trial court did not specify whether it was treating West

4

Coast's motion to vacate as a section 2-1301(e) or a section 2-1401(a) motion (735 ILCS 5/2-1401(a) (West 2020)).[2]

¶ 15    West Coast filed a motion to reconsider and a motion to stay the trial court proceedings pending appeal. There is no indication in the record, however, whether the trial court ruled upon either of those two motions. In September 2021, West Coast filed its notice of appeal in this case.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, West Coast makes two main arguments. First, West Coast argues that the trial court erred when it found that West Coast's section 2-1301(e) motion to vacate the January 2020 order was untimely and denied the motion on that basis. West Coast asserts that the trial court's ruling on timeliness was incorrect and that West Coast's motion to vacate was timely and properly filed under section 2-1301(e) of the Code, and could not be filed under section 2-1401(a) of the Code, because no final and appealable judgment existed in this case when West Coast filed its motion to vacate. West Coast draws that conclusion—that no final and appealable judgment existed—for the following reasons: (1) the order confirming the sheriff's sale in this case, which normally serves as the final and appealable judgment in a mortgage foreclosure action, had previously been vacated by the trial court in the January 2020 order; and (2) the January 2020 order itself was not a final and appealable judgment, according to West Coast, because it depended upon a future event for its ultimate outcome (the refund of the purchase price), because it did not dispose of the rights of all of the parties to the proceeding or terminate the litigation, and because it did not include a Rule 304(a) finding. Assuming that we agree with

_____

[2] We recognize that a motion to vacate under section 2-1401 of the Code is supposed to be called a petition. See *id.* However, for the sake of simplicity, we have referred to it here merely as a motion or as a motion to vacate.

its first main argument, West Coast argues second on appeal that the trial court erred when it entered the January 2020 ruling vacating the order approving the sheriff's sale in this case and requiring West Coast to refund the purchase price to Page. West Coast asserts that the trial court's ruling in that regard was incorrect as well and that Page's motion to vacate the order approving sale should have been denied because: (1) West Coast's interest in the subject property was still intact when the order approving sale was entered in this case; (2) Page failed to meet his burden under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2020)) to establish that the terms of the sale were unconscionable or that justice had not otherwise been done; (3) Page had actual and/or constructive knowledge of the West Coast and Bayview mortgage foreclosure cases and of the terms of the West Coast sheriff's sale; and (4) the doctrine of *caveat emptor* applied, and Page took the property subject to Bayview's mortgage lien. For all of the reasons stated, West Coast asks that we reverse the trial court's finding of untimeliness as to West Coast's 2-1301(e) motion and that we vacate the trial court's January 2020 order, which, among other things, required West Coast to refund the purchase price to Page.

¶ 18     Page argues that the trial court's rulings were proper and should be upheld. As to West Coast's first main argument on appeal, Page asserts that contrary to West Coast's claim, the trial court's January 2020 order was a final and appealable judgment because it resolved a separate and distinct part of the foreclosure proceeding that only involved West Coast and Page regarding whether the terms of the sheriff's sale were unconscionable and whether justice had not otherwise been done (whether a refund of the purchase price was required). Thus, Page contends, West Coast's motion to vacate, which was filed nearly 18 months after the January 2020 order was entered, was untimely under section 2-1301(e) of the Code, as the trial court

6

correctly found. Page contends further that even if West Coast's motion was construed as a section 2-1401(a) motion to vacate, denial would still have been proper because West Coast did not exercise due diligence, as is required for a section 2-1401(a) motion to be granted. As for West Coast's second main argument on appeal, Page asserts that the facts and circumstances of the mortgage foreclosure proceedings in this case clearly show that justice had not otherwise been done and that it was unconscionable for West Coast to purport to sell the subject property at the sheriff's sale on the circumstances that existed. In making that assertion, Page points out that despite losing the very thing that West Coast was supposed to sell at the sheriff's sale (the mortgaged real estate), West Coast did not seek further instructions from the trial court, postpone the sale, give written notice, or even make an oral announcement at the sheriff's sale that it had lost all interest in the subject property and had nothing left to sell. Page maintains that because West Coast had nothing left to sell at the sheriff's sale, the doctrine of *caveat emptor* did not apply and that Page, as the sheriff's sale buyer, was still entitled to accurate information from West Coast regarding the status of West Coast's interest in the subject property. For all of the reasons set forth, Page asks that we affirm the trial court's finding of untimeliness and its denial of West Coast's motion to vacate and, to the extent that we consider the propriety of the January 2020 order, that we affirm that order as well.

¶ 19     Before we address the merits of the parties' argument on appeal, however, we must first determine whether we have jurisdiction to hear this case. Although neither party has raised the issue of appellate jurisdiction, this court has a duty to determine if jurisdiction to hear an appeal exists and to dismiss the appeal if jurisdiction is lacking. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). When we consider that issue in the present case, our attention is immediately drawn to the January 2020 order and whether that order was a final and

appealable judgment. It is well settled that unless a timely postjudgment motion has been filed, the trial court loses jurisdiction over a case and the authority to vacate or modify its judgment 30 days after the judgment has been entered. *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35. Thus, in the present case, the trial court would not have had jurisdiction to rule upon West Coast's motion to vacate, as a section 2-1301(e) motion, if the trial court's January 2020 order was a final and appealable judgment, since West Coast's motion to vacate was filed several months after the January 2020 order had been entered. See *id.*; 735 ILCS 5/2-1301(e) (West 2020) (allowing for certain motions to be filed any time before, or within 30 days after, a final judgment has been entered). A final and appealable judgment is one that determines the litigation on the merits of the parties' claim or some definite part thereof so that the only remaining action to be taken is to proceed with execution on the judgment. See *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23; *In re Estate of French*, 166 Ill. 2d 95, 101 (1995); *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 538 (1999). However, when multiple parties or multiple claims for relief are involved in an action, a final judgment that has been entered as to one or more but fewer than all of the parties or claims is generally only appealable if the trial court has made an express written finding pursuant to Supreme Court Rule 304(a) that there is no just reason for delaying either enforcement or appeal or both. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *In re Marriage of Gutman*, 232 Ill. 2d 145, 150-51 (2008).

¶ 20    In the present case, upon reviewing the record, we find that the trial court's January 2020 order was a final and appealable judgment, as Page suggests. See *Blumenthal*, 2016 IL 118781, ¶ 23; *French*, 166 Ill. 2d at 101; *Valdovinos*, 307 Ill. App. 3d at 538. By the time that the trial court made its January 2020 ruling, all of the defendants in this case (West Coast's mortgage foreclosure case) had been defaulted or dismissed from the case, the judgment of foreclosure had

8

been entered, the subject property had been sold at the sheriff's sale, and the sale had been confirmed (prior to the trial court vacating that confirmation in the January 2020 order). The only remaining matter left to be resolved in this case was the dispute between West Coast and Page over the refund of the purchase price. As to that separate and specific dispute, the January 2020 order finally determined the rights of the parties (West Coast and Page) such that the only action remaining to be taken was the execution of that order (the payment of the refund). See *Blumenthal*, 2016 IL 118781, ¶ 23; *French*, 166 Ill. 2d at 101; *Valdovinos*, 307 Ill. App. 3d at 538.

¶ 21    Although West Coast is correct that in a mortgage foreclosure action, the order confirming sale normally serves as the final and appealable judgment (see *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12), in this particular case, the order confirming sale was vacated by, and replaced with, the January 2020 order. A new order confirming sale was not going to be entered at any point thereafter. For all practical purposes, West Coast's interest in the property had already been terminated as a result of the judgment of foreclosure that had been entered in Bayview's mortgage foreclosure case. The January 2020 order, therefore, served as the final and appealable judgment. See *Blumenthal*, 2016 IL 118781, ¶ 23; *French*, 166 Ill. 2d at 101; *Valdovinos*, 307 Ill. App. 3d at 538.

¶ 22    Having reached that conclusion, we also find that the trial court lacked jurisdiction to rule upon West Coast's section 2-1301(e) motion to vacate. As noted above, absent the filing of a timely postjudgment motion, the trial court's authority to vacate or modify the January 2020 order ended 30 days after the January 2020 order was entered. See *Heinrich*, 2014 IL App (2d) 121333, ¶ 35. West Coast's section 2-1301(e) motion to vacate was not filed in this case until nearly 18 months after the January 2020 order had been entered. The trial court, therefore, did

9

not have jurisdiction to rule upon West Coast's motion to vacate and should have dismissed the motion. See *id.* By the same analysis, West Coast's notice of appeal in this case, which was filed approximately 20 months after the trial court's January 2020 order had been entered was also not timely filed and failed to vest this court with appellate jurisdiction to rule upon the merits of this appeal. See Ill. S. Ct. R. 303(a)(1) (eff. Jul. 1, 2017) (providing that in a civil case, a notice of appeal must be filed within 30 days after the final judgment has been entered or, if a timely posttrial motion directed against the judgment has been filed, within 30 days after the order has been entered disposing of the last pending postjudgment motion directed against the judgment); *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186, 189 (2000) (indicating that jurisdiction is conferred upon the appellate court only through the filing of a timely notice of appeal).

¶ 23        While the case law in this area generally requires the trial court to treat a late-filed section 2-1301(e) motion as a section 2-1401(a) motion to vacate (see, *e.g.*, *Northern Illinois Gas Co. v. Midwest Mole, Inc.*, 199 Ill. App. 3d 109, 115 (1990)), in this case, West Coast was insistent in both the trial court and on appeal, that its motion was not a section 2-1401(a) motion and presented nothing to establish that the section 2-1401(a) requirements, such as due diligence in filing the motion to vacate, had been satisfied (see *In re Haley D.*, 2011 IL 110886, ¶ 58 (setting forth the requirements that a party must prove to vacate a final order or judgment under section 2-1401(a) of the Code)). Thus, even if the trial court had treated West Coast's motion as a section 2-1401(a) motion to vacate, it still would have had to deny the motion. See *id.*

¶ 24        As a final matter, since we have determined that the trial court lacked jurisdiction to rule upon West Coast's motion to vacate, we must determine what further action, if any, this court should take in this appeal. Although the appellate court does not have authority to address the substantive merits of a judgment entered by a trial court without jurisdiction, the appellate court

10

does have the limited authority to consider whether the trial court had jurisdiction to rule upon the underlying matter. See *People v. Bailey*, 2014 IL 115459, ¶ 29; *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 12. We have done so here and have found that the trial court's jurisdiction was lacking. We, therefore, vacate the trial court's July 2021 ruling, denying West Coast's section 2-1301(e) motion, and order that West Coast's section 2-1301(e) motion be dismissed. See *Bailey*, 2014 IL 115459, ¶ 29; *Orahim*, 2019 IL App (2d) 170257, ¶ 12.

¶ 25                                   III. CONCLUSION

¶ 26        For the foregoing reasons, we vacate that trial court's July 2021 ruling, which denied West Coast's section 2-1301(e) motion, and we order that West Coast's section 2-1301(e) motion is dismissed.

¶ 27        Judgment vacated; motion dismissed.

11